G. W. BULL & CO. INC., Defendant in Error, *vs.* THE BOS-
TON AND MAINE RAILROAD.—(THE PULLMAN COM-
PANY, Plaintiff in Error.)

*Opinion filed February 16, 1927.*

APPEALS AND ERRORS—*when a garnishee's writ of error will be
dismissed.* A writ of error sued out by a garnishee to review cer-
tain questions raised by a judgment against it for the benefit of
the plaintiff in attachment will be dismissed where the judgment
was vacated prior to the suing out of the writ and within the time
in which it was subject to vacation, the vacation being for want
of jurisdiction of the plaintiff's judgment debtor, a non-resident
corporation.

WRIT OF ERROR to the Municipal Court of Chicago; the
Hon. THEODORE F. EHLER, Judge, presiding.

JOHN GIBSON HALE, for plaintiff in error.

BLUM, BLUM & DELANEY, (J. V. DELANEY, of coun-
sel,) for defendant in error.

Mr. JUSTICE HEARD delivered the opinion of the court:

G. W. Bull & Co., a corporation, brought suit in tres-
pass in the municipal court of Chicago against the Boston
and Maine Railroad Company, a non-resident corporation,
and service of summons was attempted to be had on an
agent of the defendant. The defendant appeared specially
and on its motion the return of service of the summons
was quashed. The plaintiff then filed an affidavit of the
non-residence of the defendant and sued out a writ of at-
tachment in aid and under that writ summoned as gar-
nishees divers corporations, among them the Pullman Com-
pany. These garnishees, in response to interrogatories,
denied indebtedness to the defendant and were all dis-
charged as garnishees. On the 13th day of August, 1924,
the plaintiff asked and obtained leave of court to make the

Boston and Maine Railroad, a corporation, a party defendant, and took out a summons against that railroad and the Boston and Maine Railroad Company in a plea of trespass on the case upon promises, returnable on the 18th day of August, 1924, which writ was returned served. The return of service was quashed on the 28th day of August, 1924, without an appearance of the defendant, following which the plaintiff on the 16th day of September, 1924, after the necessary affidavit and bond, sued out a writ of attachment in aid against the property and effects of the Boston and Maine Railroad, the affidavit reciting the pendency of a suit at law against the defendant and its indebtedness to the plaintiff in the sum of $1937.67. Under this latter writ of attachment the same parties were summoned as garnishees as under the attachment sued out against the Boston and Maine Railroad Company, but all of them except the Pullman Company were discharged. On the 30th day of October, 1924, an order was entered upon the plaintiff's motion dismissing the suit as to the Boston and Maine Railroad Company and granting leave to file an amended statement of claim, which statement was the same as the original, except that the name of the defendant was "Boston and Maine Railroad, a corporation." On the 11th day of November, 1924, the Pullman Company, as garnishee, filed its answer to the amended statement of claim, wherein it excepted to the jurisdiction of the court but made answer to the interrogatories and admitted an indebtedness of more than $2000 on its part to the Boston and Maine Railroad as a traffic balance arising from the participation of the two corporations in interstate commerce, and claimed that the Boston and Maine Railroad was without the jurisdiction of the court and beyond the reach of its process and had not consented to be sued in the State of Illinois, and that under such circumstances the issuance of process in garnishment or attachment against the funds in its hands, which would have the effect of

obliging the Boston and Maine Railroad to submit to the
jurisdiction of the court without its consent, would be and
constitute a burden upon interstate commerce and would
be void; and it prayed its discharge as garnishee and the
quashing of the garnishment writ.  On the 28th day of
November, 1924, the Pullman Company moved for leave
to withdraw its answer as garnishee and file a motion to
quash the attachment writ against the Boston and Maine
Railroad, which motion the court denied, and at the same
time, on the plaintiff's motion, the court struck all of the
Pullman Company's answer except the portion admitting
the existing traffic balance in excess of $2000 in favor of
the railroad.  On the same day, and without any publica-
tion having been had against the Boston and Maine Rail-
road or its appearance having been entered, its default was
entered and judgment rendered against it in favor of the
plaintiff in the sum of $1986.55, and judgment was ren-
dered in favor of the Boston and Maine Railroad against
the Pullman Company in the sum of $2000 upon the an-
swer of the latter for the use and benefit of the plaintiff
in the amount of the judgment so rendered in favor of the
plaintiff against the Boston and Maine Railroad.  On the
28th day of December, 1924, which was within the time
within which a judgment of the municipal court is subject
to vacation, (*Grubb* v. *Milan,* 249 Ill. 456,) the Boston
and Maine Railroad entered its special appearance and
moved to set aside the judgment which had been rendered
in favor of the plaintiff on the 28th day of November,
1924, which motion was set for hearing on the 23d day of
January, 1925, at which time the judgment was vacated as
being void and rendered without jurisdiction.

Plaintiff in error contends, as the basis of this court's
jurisdiction of this writ of error, that the provisions of the
Illinois statute providing for the issue of attachment in aid
when it affects interstate commerce or money arising and
owing from participation in commerce by a foreign corpo-

ration are invalid. As the judgment sought to be reviewed by this writ of error had been vacated prior to the issuance of the writ of error and within the time in which it was subject to vacation, there is no final judgment, order or decree shown by the record to be subject to review by this writ of error, and it must therefore be dismissed.

*Writ dismissed.*