Samuel O. Ragsdale, by Robert Reed, His Next Friend, and Robert Reed, as Conservator of the Estate of Olias Ragsdale, an Incompetent, Plaintiffs-Appellants, v. The Superior Oil Company, a Corporation, Myrna E. Ragsdale, Individually, and Myrna E. Ragsdale, as Administrator of the Estate of Robert Ragsdale, Deceased, Georgia Ragsdale, et al., Defendants-Appellees.

Gen. No. 66–126.

Fifth District.

July 27, 1967.

Rehearing denied September 12, 1967.

Jay B. Stringer, of Mount Vernon, for appellants.

Wham & Wham, of Centralia, for appellee Superior Oil Company, and Craig & Craig, of Mt. Vernon, for appellee Myrna E. Ragsdale, individually and as administrator of the Estate of Robert Ragsdale, deceased, et al.

MORAN, P. J.

This is an appeal from a judgment of the Circuit Court of Jefferson County, Illinois, dismissing plaintiffs' complaint for damages.

The complaint sought to recover damages from the Superior Oil Company for wrongfully and willfully entering upon, drilling wells, and extracting oil from land claimed to be owned by Samuel O. Ragsdale.

The Superior Oil Company filed a motion to dismiss the complaint for failure to join necessary parties. The motion alleged that the land in question was deeded by the Sheriff of Jefferson County to Robert Ragsdale, subsequent to a judgment against Samuel O. Ragsdale and the issuance of execution; that the land was subject to specified oil and gas leases and was included within the oil producing area commonly known as the "Boyd Field Unit"; and that thereby "all parties owning and par-

ticipating in the oil being so produced or owning any oil or gas royalty or leasehold interest in said communitized area are necessary and indispensable parties to this action and the Court's jurisdiction herein."

The plaintiffs filed an answer to the defendant's motion admitting all of the allegations contained in the motion, but answering that "the legal proceedings and the judgment which resulted in the Sheriff's Deed were absolutely void for the reason that Samuel O. Ragsdale was an incompetent, was not a resident of Jefferson County, Illinois, and the note on which the judgment was based was not executed in Jefferson County, Illinois, and that Robert Ragsdale had actual knowledge of these facts, and that all deeds in the chain of title subsequent to the said Sheriff's Deed are void."

After hearing arguments, the court sustained the defendant's motion and, when the plaintiffs refused to name the omitted parties as defendants, dismissed the complaint and entered a final judgment, from which this appeal is taken.

The defendant contends that all persons in the chain of title to the land in question, all parties to the oil and gas leases, and all persons who own shares of or interests in the "Boyd Field Unit" are necessary and indispensable parties to the present litigation, since a "setting aside or voidance of the Sheriff's Deed will materially effect (their) titles and rights . . . ." It argues that "all having interests in an oil producing unit are necessary and indispensable parties in an action to dispute or establish title to any part thereof."

■ ■ The present case, however, does not involve an action to dispute or establish title and does not involve the setting aside of the Sheriff's Deed, all subsequent deeds, or the unitization agreement. Rather, the complaint alleged an action for damages for the wrongful extraction of oil. This action, based upon a trespassory taking, does not seek to establish title, but to recover

469

damages. An action of trespass is not an action in rem, but an action in personam, G. W. Bull & Co., Inc. v. Boston & M. Railroad, 344 Ill 11, 175 NE 837. Since the plaintiff seeks damages only against Superior Oil Company, the recovery of them should be of no interest to anyone other than the plaintiff and Superior Oil Company. Stumpf v. Fidelity Gas Co., 294 F2d 886 (9th Cir 1961).

For the foregoing reasons, the judgment of the lower court is reversed and the cause is remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

EBERSPACHER and GOLDENHERSH, JJ., concur.