JOHN T. BOOZ, Defendant in Error, *vs.* THE TEXAS AND PACIFIC RAILWAY COMPANY, Plaintiff in Error.

*Opinion filed June 20, 1911.*

1. JURISDICTION—*a judgment rendered without jurisdiction is not due process of law.* The question of the jurisdiction of a court to render a judgment is one of due process of law, and if the defendant was not amenable to service of process within the State, a judgment rendered against him is not in pursuance of the due process of law guaranteed by the constitution.

2. SAME—*section 8 of the Practice act is not confined to the service of process on domestic corporations.* Section 8 of the Practice act, which provides the method of service of process on corporations by leaving a copy with any clerk or agent, is not confined to domestic corporations, and if a foreign corporation is transacting its corporate business in this State and has an agent here, process may be served upon it the same as upon a domestic corporation.

3. SAME—*foreign corporation must have entered domestic State to carry on its business.* If a foreign corporation avails itself of

the privilege of doing business in a State whose laws authorize it to be sued there by obtaining service on an agent, the assent of the corporation to such service will be implied; but the corporation must have entered the State for the purpose of carrying on its business there.

4. SAME—*what is "doing business" within the State.* Doing business within this State means the transaction of the ordinary business in which the corporation is engaged, by the exercise of some of its charter powers.

5. SAME—*mere solicitor of business is not an agent upon whom process may be served.* A person employed merely to solicit freight and passenger business for a foreign corporation, and having no power to sell any ticket, issue a bill of lading or make any contract for the corporation, which merely joined with other corporations in paying his salary and office rent, is not an agent upon whom process against the corporation may be served.

6. SAME—*when a foreign corporation cannot be served with process in Illinois.* A foreign corporation cannot be served with process in Illinois by leaving a copy with an agent unless the corporation is doing business in this State and has an agent here who has power to represent the corporation in the transaction of some part of the business contemplated by its charter.

7. SAME—*officer's return is not conclusive that person served is the agent of the foreign corporation.* The officer's return that the summons was served upon a foreign corporation by leaving a copy with a certain person as agent is not conclusive upon the corporation that such person is its agent, and it is entitled, under a limited appearance, to dispute the truth of the return.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

JEFFERY, OTT & CAMPBELL, (CHARLES V. CLARK, of counsel,) for plaintiff in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

John T. Booz, defendant in error, sued the Texas and Pacific Railway Company, plaintiff in error, for the value of an overcoat alleged to have been lost by him on February 25, 1909, through negligence of plaintiff in error while

he was a passenger on one of its trains between two stations in Louisiana.  Summons was returned by a bailiff served on George W. Pither, chief clerk and agent of defendant.  A limited appearance was entered by attorneys for defendant for the sole purpose of questioning the jurisdiction of the court, and a motion was made to quash and set aside the return.  The facts upon which the motion was decided are as follows:

The defendant is a railroad corporation existing under the laws of the United States and the State of Texas, with its principal office in Dallas, Texas.  Its lines of road are in Texas and Louisiana, and it has never owned, leased or operated any road nor had any principal office in this State and the cause of action did not arise in this State.  George W. Pither is an employee of W. C. Staley, a soliciting freight agent, and Ellis Farnsworth, a soliciting passenger agent of several foreign railroad companies, including the defendant.  The defendant and four other railroad companies operating railroads outside of this State in the same region jointly maintain three offices in the city of Chicago and jointly pay the office expenses and salaries of the employees, the defendant paying its share of the rental and salaries.  All the employees and the business are under the control of Edward B. Boyd, who is not an officer of any of the corporations but is hired by the railroads jointly and is called an assistant to the vice-president.  The only business transacted through this office or by the employees is soliciting shipments by way of the lines of these corporations from large manufacturing and industrial concerns, and endeavoring to persuade prospective shippers or consignees of freight to route shipments over the lines of said corporations, and soliciting passenger business by persuading passengers to purchase their tickets so they will pass over some one or more of the lines of said corporations, all of which are outside of this State.  That is and has been the only business transacted in this State for the defend-

ant, and neither Boyd nor any of the employees under him have any power to make a contract for the defendant, to issue any bill of lading, sell any ticket, receive any money or make any freight or passenger contract. Boyd and his subordinates devote only a portion of their time to the services of the defendant, and the sole duties performed by them are the solicitation of freight and passenger business.

The court overruled the motion to quash the return, and the defendant elected to stand by its motion and declined to enter another or further appearance. The court thereupon heard the evidence for the plaintiff, found the issues in his favor, assessed his damages at $50 and entered judgment for that amount. The defendant excepted to the judgment and sued out a writ of error from this court to obtain a review of the record. By the assignment of errors it is alleged that the judgment violated the constitution of this State and the United States by depriving the defendant of its property without due process of law.

A question of the jurisdiction of a court to render a judgment is one of due process of law, and if the defendant was not amenable to service of process within this State the judgment was not rendered in pursuance of the due process of law guaranteed by our constitution. Section 8 of the Practice act provides the method for acquiring jurisdiction of a corporation, which may be done by leaving a copy with any clerk or agent of the corporation, if the president cannot be found within the county. The section is not confined, in its terms, to domestic corporations, and if a foreign corporation is present within this State and has an agent here, process may be served upon it. A business corporation is constructively present in any State where it has property and carries on its operations by means of agents, although the domicile of the corporation is in another State. (*Edwards v. Schillinger*, 245 Ill. 231.) If a foreign corporation does business in the State through agents, it may be sued there by obtaining service on the

agent. (*Barrows Steamship Co.* v. *Kane,* 170 U. S. 100; *Western Union Telegraph Co.* v. *Pleasants,* 46 Ala. 641.) If it .avails ,itself of the privilege of doing business in a State whose laws authorize it to be sued there by service of process upon an agent, its assent to such service will be implied, (13 Am. & Eng. Ency. of Law,—2d ed.—895,) but the foreign corporation must have entered the domestic State for the purpose of carrying on its business there. (19 Cyc. 1328.) In *Mineral Point Railroad Co.* v. *Keep,* 22 Ill. 9, a Wisconsin corporation had built and operated a railroad from the line between Wisconsin and this State to Warren, in Jo Daviess county, and it was held the foreign .corporation having property in this State and doing business here could be served with process by delivering a copy to its conductor, the president not being within the State. In *Italian-Swiss Agricultural Colony* v. *Pease,* 194 Ill. 98, a foreign corporation had extended its business into this State and transacted such business here through an agent, who occupied an office maintained by the corporation and who was advertised on the office door as its western agent, and the corporation had written letters to its customers referring them to the agent for the adjustment of its business affairs. It was held not improper to instruct the jury that a corporation so acting was bound, as principal, to those dealing with such person, whether the agency in fact existed or not. It was not implied, however, that any representative capacity would be sufficient to constitute a representative an agent, and attention was called to the fact that in other instructions the court advised the jury that a salesman who sells goods for a corporation on commission and stands in no other relation to the corporation is not an agent as contemplated by the statute, and that service of process on such a salesman would not confer jurisdiction on the corporation. Doing business within this State means the transaction of the ordinary business in which the corporation is engaged, by the exercise of some of its charter

powers. (*Alpena Cement Co.* v. *Jenkins & Reynolds Co.* 244 Ill. 354.) In *Midland Pacific Railway Co.* v. *McDermid*, 91 Ill. 170, the defendant was a corporation of the State of Nebraska, and the summons was served on its general superintendent temporarily in this State and passing through it, and the defendant did not do any business nor have any property in this State. The service was within the literal language of the Practice act, but it was held that there being no local agent in this State there was no one upon whom service of process could be lawfully had.

The return of the bailiff was not conclusive of the fact that George W. Pither was the agent of the defendant, and defendant was at liberty to dispute the truth of the return. The conclusion as to that fact depended upon whether the defendant had extended its business into this State so as to be constructively present here and was transacting that business through George W. Pither, as its agent. The defendant, being a foreign corporation, could only be served in this State if it was doing business here, and no one could be an agent of the defendant unless he had power to represent it in the transaction of some part of the business contemplated by its charter. There was no one in this State who had power to make any contract or bind the defendant in any way, and the mere solicitation of business by persons who have no other authority is not doing business within this State. Neither Boyd nor any one under him had authority to sell a ticket, issue a bill of lading or make a contract for the defendant, and they were no more agents of the defendant than other railroad companies selling tickets or issuing bills of lading under which the passengers or freight would pass over the road of the defendant in Texas or Louisiana. The decisions of the courts are that mere solicitors of business are not agents, within the meaning of the statute. *Wall* v. *Chesapeake and Ohio Railway Co.* 95 Fed. Rep. 398; *Fairbank Co.* v. *C., N. O. & T. P. Ry. Co.* 54 id. 420; *Green* v. *Chicago, Burlington and Quincy*

*Railroad Co.* 205 U. S. 530; *North Wisconsin Cattle Co. v. Oregon Short Line Railroad Co.* 117 N. W. Rep. 391.

The court erred in refusing to quash the return, and the subsequent proceedings were void for want of jurisdiction over the defendant. The judgment is reversed.

*Judgment reversed.*