JAMES C. STARKS, Defendant in Error, *vs.* THE NATIONAL MONTHLY COMPANY, Plaintiff in Error.

*Opinion filed October 24, 1916—Rehearing denied Dec. 12, 1916.*

PRACTICE—*what is not a statement of facts or correct stenographic report.* An alleged "statement of facts" by a judge of the municipal court, which is merely a statement, in narrative form, of the substance of the testimony of two witnesses, and which does not purport to contain all the evidence heard on the trial, is neither a statement of facts nor a correct stenographic report of the evidence, within the meaning of the Municipal Court act.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

L. H. CRAIG, for plaintiff in error.

PRINGLE & TERWILLIGER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

James C. Starks recovered a judgment in the municipal court of Chicago, in an action of the first class, against the National Monthly Company, a corporation, for $1418.16, and the defendant, upon the ground that a constitutional question is involved, has sued out of this court a writ of error to review the judgment. *Booz* v. *Texas and Pacific Railway Co.* 250 Ill. 376.

Defendant, the National Monthly Company, publishes a magazine, *The National Monthly,* at Buffalo, New York. Plaintiff filed a statement of claim, in which he alleged he was employed as the agent of the National Monthly Company to solicit, in territory known as the western territory, advertising and make advertising contracts for said National Monthly Company on a commission basis equal to twenty per cent on all business secured from the said western territory. The statement of claim was sworn to, and alleges there is due plaintiff for commissions upon advertising secured, $1633.40. Summons was returned served on the National Monthly Company, "a corporation, by delivering a copy thereof to W. T. Diehl, agent of said corporation," the officers, agents and employees mentioned in section 8 of the Practice act not being found in the county. The defendant entered a limited appearance and moved the court to quash the service of summons, and filed an affidavit of the said Diehl denying that he was the agent or representative of the National Monthly Company in any capacity and alleging that he had no authority to appear for the corporation in any proceeding or for any purpose. On motion of plaintiff the special appearance of defendant and the affidavit in support of its motion were stricken from the files December 14, 1915, and three days' time was given

defendant to file "an amended special appearance and affidavit." December 17, 1915, this time was extended ten days. On December 20 defendant filed the affidavit of Norman E. Mack, in which he alleged he was president of the National Monthly Company, a corporation organized and existing under and by virtue of the laws of the State of Delaware; that the principal office of said corporation is in Buffalo, New York; that it has no office in the State of Illinois and had no office in the city of Chicago at the time of the commencement of this suit or at any time since; that said corporation has never done business in the State of Illinois, has at all times been absent from the State, and that no service of the writ of summons has been made upon said corporation. The affidavit further alleges Diehl is not, and never has been, the agent of said corporation, and has never in any manner been authorized to represent the corporation in any capacity and has never been an officer or agent of said corporation. No motion was made by plaintiff to strike this affidavit from the files, and the court appears to have treated it as an affidavit in support of the motion to quash the return without objection on the part of plaintiff. On February 4, 1916, the "statement of facts" made part of the record shows that upon the trial of the issue made by the affidavit filed December 20, 1915, the court heard the testimony of Diehl (the party served as agent of defendant) and the testimony of plaintiff, and entered an order overruling the motion to quash the return and ordered defendant to file an affidavit of merits within ten days. On February 21, defendant not having complied with the order of the court to file an affidavit of merits or defense, judgment was entered against defendant by default.

Defendant in error contends that the statement of facts in the record cannot be considered by this court (1) for the reason that the statement of facts authorized by section 23 of the Municipal Court act applies only in cases of the fourth and fifth classes, and that in actions of the first

class a party desiring a review of the judgment must file a bill of exceptions or stenographic report containing all the evidence, as provided by section 81 of the Practice act; (2) that even if the statement of facts is authorized in actions of the first class, the statement of facts here embraced in the record is insufficient, in that it does not purport to contain all the evidence heard upon the issue of fact.

We shall not determine the first contention urged by defendant in error, for the reason that in our view of the law our decision must be the same no matter how that question might be decided. What is designated "statement of facts" and certified by the trial judge as "a correct statement of the facts appearing upon the trial" is not a statement of facts within the contemplation of the Municipal Court act, but purports to be the substance of the testimony, in narrative form, of Diehl and the plaintiff. Nor does it purport to be a correct stenographic report of the evidence, and the trial judge does not certify that it contains all the evidence heard.

The constitutional question raised by the assignment of errors that the judgment violated the constitution of this State and of the United States by depriving defendant of its property without due process of law, depends upon whether Diehl, upon whom the summons was served, was such an agent of the defendant corporation that service of summons upon him as such agent was lawful service upon defendant and gave the court jurisdiction. There being no statement of facts or correct stenographic report in the record we cannot determine that question.

The judgment of the municipal court is affirmed.

*Judgment affirmed.*