**BOWLES, Price Administrator, v.
CULHANE.**

No. 8835.

Circuit Court of Appeals, Seventh Circuit.

Oct. 22, 1945.

John R. Montgomery and Louis E. Hart, both of Chicago, Ill., for appellant.

Fleming James, Jr., and Albert M. Dreyer, both of Washington, D. C., and Harry E. Witherell and Julius Copeland, both of Chicago, Ill., for appellee.

Before EVANS, MAJOR, and KERNER, Circuit Judges.

EVANS, Circuit Judge.

Defendant was sued by the Office of Price Administration for treble damages for alleged violation of the Maximum Price Regulation No. 193, in the sale of whiskey. Defendant filed an affidavit of prejudice which the Court held to be insufficient. The Government's motion to quash the defendant's affidavit of prejudice was granted. This appeal followed the entry of the order refusing to grant a change of venue.

While two questions are presented: (a) The sufficiency of the affidavit alleging prejudice, and (b) the appealability of the order overruling the motion for change of venue based on the alleged prejudice, we will consider only the second dispute. In other words, if the order is not appealable, we must dismiss the appeal for want of jurisdiction. If so, we can not pass upon the merits of the defendant's motion.

Unquestionably, Circuit Courts of Appeals have limited jurisdiction on appeal. With exceptions not here material, Circuit Courts of Appeals may review final decisions only. 28 U.S.C.A. § 225.

Is an order denying a motion for a change of venue a "final decision"?

---

[1] Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357.

■ Serious as it may be to the defendant to be compelled to proceed, perhaps in vain, to a costly trial should his contention that the affidavit of prejudice divests the District Court of jurisdiction be later upheld, it is not, we think, within our limited statutory jurisdiction to pass on the question at any preliminary stage of the proceeding. Defendant must reach a final decision in the trial before he can secure a review of the alleged error which occurred in refusing him a change of venue. Ex parte American Steel Barrel Co., 230 U.S. 35, 33 S.Ct. 1007, 57 L.Ed. 1379; Skirvin v. Mesta, 10 Cir. 141 F.2d 668; Baltuff v. United States, 9 Cir., 35 F.2d 507; McColgan v. Lineker, 9 Cir., 289 F. 253.

The appeal is dismissed for want of jurisdiction on our part to entertain it.