CANVAS FABRICATORS, Inc. v. WILLIAM
E. HOOPER & SONS CO.

No. 10633.

United States Court of Appeals
Seventh Circuit.

Oct. 27, 1952.

Leonard J. Braver, Silverstein & Stein, Chicago, Ill., for appellant.

Cushman B. Bissell, Stephen A. Milwid, Lord, Bissell & Kadyk, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FIN-NEGAN and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

Plaintiff, an Illinois corporation, filed its complaint in the District Court against the defendant, an alleged Pennsylvania corporation, seeking damages for an alleged breach of contract pertaining to purported sales of merchandise by the defendant to the plaintiff. Jurisdiction was claimed by reason of diversity of citizenship, with the requisite jurisdictional amount.

The United States Marshal by his return disclosed that service of summons was had upon the defendant by serving a writ together with a copy of the complaint upon the defendant corporation, "by delivering copies thereof to Charles A. Kite, Western Mgr., an agent of said corporation, this 17 day of December A. D., 1951." The return also stated, "The president of said corporation not found in my district."

The defendant appeared specially for the sole and only purpose of making its motion to "question the jurisdiction of the court over its person" and moved the court to set aside and quash the supposed service of summons. The motion alleged, among other things, that the defendant was a corporation organized and existing under the laws of the State of Maryland, with its plant or factory located at Baltimore, Maryland, and with its executive offices and principal place of business located at Philadelphia, Pennsylvania; that the defendant had never been a corporation organized under the laws of the State of Illinois or a resident of that State and had never been licensed or qualified to do business in that State; that it had never appointed or authorized any agent to accept service or process for it in any suit in that State, and that the defendant at the time of the supposed service of summons in the instant case was not found within such State. The motion further alleged that Charles A. Kite,

mentioned in the Marshal's return, had authority only to solicit business and orders on behalf of the defendant; that all orders taken by him were subject to the approval of the defendant at its principal place of business, and that all goods shipped or delivered on all orders accepted by the defendant were shipped by it from Baltimore on an FOB basis only.

Upon such motion, the court entered an order quashing the service of summons and dismissed plaintiff's complaint. From this order plaintiff has appealed.

■ The primary contested issue is whether defendant was "doing business" in the State of Illinois so as to be amenable to local process. A procedural question raised by the plaintiff will be subsequently referred to. This being a diversity case, it can hardly be doubted but that the main question for decision is controlled by local law. Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524; Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193; Kelley v. Delaware L. & W. R. Co., 1 Cir., 170 F.2d 195.

We need not labor this point because it is not only sustained by the cases but it is conceded by plaintiff.

Defendant, in support of its motion attacking the jurisdiction of the court, submitted the affidavit of Charles A. Kite. Plaintiff answered said motion and, in support thereof, submitted the affidavit of its president, Frank Piezak. Thereupon, defendant submitted a counter-affidavit by its secretary, S. C. Stubbs, of its Philadelphia office. The decision of the District Court was predicated upon the pleadings and such affidavits.

A reading of the pleadings, together with the affidavits, is convincing that when stripped of their conclusions there is little, if any, dispute as to the evidentiary facts. Briefly, they are that defendant for many years had maintained an office in the City of Chicago; that the defendant's name appeared on the office door, its name was listed in the Chicago telephone directory; that it maintained a bank account in Chicago in which two of plaintiff's checks had been deposited in payment for merchandise, and that Kite used stationery and letter-

heads bearing the company name and the Chicago office address. The facts further reveal that the facilities referred to are used only by Kite in the solicitation of interstate business for the defendant; that no contracts were entered into in Illinois; that all purchase orders, including those of the plaintiff, were solicited by Kite and forwarded by him to the defendant at its Philadelphia office, where they were either accepted or rejected. The facts further disclose that all shipments were made FOB mills, Baltimore. Defendant's Chicago bank account was maintained solely for the purpose of paying salaries of stenographic help, stationery, supplies and other minor expenses required to maintain the Chicago office. There were two occasions when Kite deposited in such bank account checks received from the plaintiff in payment for goods, but this was only after plaintiff had become delinquent in its payments and after its checks sent to defendant's Philadelphia office had been denied payment because of insufficient funds. The salary of Kite, rent on the office, as well as all other expenses, were paid by the defendant either from its Philadelphia office or from the account which it maintained in a Chicago bank. It is further disclosed that neither Kite nor any other person had any authority to transact business in Illinois other than by the solicitation of orders, which were handled in the manner heretofore indicated.

The rule is firmly established in Illinois that a foreign corporation whose activities are limited solely to solicitation of interstate business in that State is not amenable to process. Bull & Co. v. Boston & Maine R. Co., 344 Ill. 11, 175 837; Booz v. Texas & Pacific Ry. Co., 250 Ill. 376, 95 N.E. 460. The Bull case is the latest by the Illinois Supreme Court and perhaps the leading case on the question. There, as here, it was contended by the defendant that it was not doing business within the State. The court in sustaining the defendant's contention stated, 344 Ill. at page 22, 175 N.E. at page 841:

"It had never transacted any portion of its business here or maintained an office, agent, representative or employee within this state for the transaction of any portion of its business except an office in Chicago manned by its representatives and employees for the sole and only purpose of soliciting traffic and transportation originating in this state and destined for movement and conveyance to points in the territory traversed and served by its line of railway east of Rotterdam Junction, N. Y., to be routed and moved over its line of railway within the territory traversed and covered thereby and beyond, or for export. It was not doing business in this state and was not amenable to the service of process of summons in this state." (Citing cases.)

A comparison of Bull and the instant case discloses that the facts in the former are, if anything, more favorable to the plaintiff than are those in the case before us. We think the opinion of the Supreme Court in the Bull case requires a holding here adverse to the plaintiff. No good purpose could be served in analyzing a number of Illinois Appellate Court cases relied upon by the plaintiff. It is plain that a solution of the question under discussion depends upon the particular facts of each case, and in all the Illinois cases where it has been held that defendant corporation was amenable to service the court found something other than the mere solicitation of business. Illustrative of such cases is Vischer v. Dow Jones & Co., Inc., 325 Ill. App. 104, 59 N.E.2d 884. There, the court recognized the principle of the Bull case but determined from the facts that the defendant corporation was engaged in the State of Illinois in something more than the mere solicitation of business. We think the question in that case was properly decided, but the facts differ materially from those in the instant case as well as from those before the court in the Bull case. It is true that in the instant case defendant maintained rather elaborate facilities in connection with its activity in Illinois but, after all, the instrumentalities provided were only in aid of its objective, that is, the solicitation of business within the State, and certainly the facilities provided were no more

elaborate than those in the Bull case. While the question presented is not free from doubt, we think it was properly decided.

The procedural question raised by plaintiff is that the burden was upon the defendant to sustain its attack upon the court's jurisdiction and that the court erred in not hearing oral testimony on the issue thus raised. While the question heretofore discussed, that is, whether the defendant was doing business in Illinois so as to make it amenable to process, is substantive, to be decided by local law, the procedural question is controlled by Federal decisions. We think we need go no further than cite McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135, which clearly demonstrates that the burden is upon the party who invokes the jurisdiction of a Federal court. See particularly 298 U.S. at page 189, 56 S.Ct. at page 785.

We know of no rule or statute which prescribes the course which a hearing shall take upon an issue such as is here presented. We may assume, without deciding, that plaintiff upon a proper request would have been entitled to offer oral testimony but, even so, plaintiff cannot now complain, because no such request was made. So far as the record discloses, both sides were agreeable to a submission of the facts as they did, that is, in the form of affidavits. It is now too late to complain that the court should have ascertained the facts in some other manner.

The order appealed from is Affirmed.