Phyllis ROBERTS, also known as Mrs. B. Roberts, Plaintiff-Appellant,

v.

EVANS CASE CO., Defendant-Appellee.

No. 11281.

United States Court of Appeals, Seventh Circuit.

Feb. 2, 1955.

Arthur S. Gomberg, Samuel Nineberg, Chicago, Ill., for appellant.

Harry L. Kinser, T. I. McKnight, McKnight, McLaughlin & Dunn, Chicago, Ill., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

In the District Court plaintiff sought to recover from defendant damages claimed to have resulted from an allegedly defective cigarette lighter manufactured by defendant, but purchased from Sears, Roebuck & Company, in Chicago. The summons was served upon "E. H. Gordon, Salesman and Agent of said Corporation." Defendant moved to quash the service on two grounds: first, that it is a Massachusetts corporation not doing business in Illinois; and, second, that Gordon was not its agent but was employed by one Hendricks, sales agent for defendant. The District Court allowed the motion and dismissed the suit. Thereupon plaintiff perfected this appeal.

The facts as they appear of record follow. Hendricks is a sales representative of defendant for Illinois and certain other territory, having held this position for some twenty years. Defendant is incorporated under the laws of Massachusetts and has its factory and principal place of business in North Attleboro in that state. Its only office in Illinois is a sales office at 55 East Washington Street, Chicago, which is leased to defendant, who reimburses itself for the rent by deducting it from the commissions earned by Hendricks. In the office are Hendricks and two people employed by him, the salesman Gordon, and the stenographer. Hendricks is the only sales representative of defendant in Illinois, and defendant has no employees or representatives in Illinois except him. The office is maintained and conducted for the sole purpose of soliciting orders to be sent to Massachusetts. None of defendant's products is manufactured in Illinois, and none of its contracts of sale made there. Defendant is not licensed to do business as a foreign corporation in Illinois, and has not authorized any agent to accept service of process there. Hendricks solicits sales of defendant's products but makes no contracts of any sort on behalf of defendant. Such purchase orders as he obtains are forwarded to defendant in Massachusetts and there accepted or rejected by it. All shipments are made f. o. b. the factory. The company maintains no stock of wares in Illinois, but supplies Hendricks with samples and catalogs for his use in solicitation, all of which are prepared in Massachusetts and sent to him only to aid him in procurance of orders. He is not paid a salary, but receives compensation in the form of commissions, based on purchase orders procured by him and sent to defendant and accepted by it. All checks issued by defendant in connection with the sales office are drawn on a bank in North Attleboro. Defendant has no property in Illinois, other than the office furniture, samples and catalogs used in the solicitation of orders; it has paid a State tax on this personal property. Gordon, upon whom process was served, is not employed by defendant, but is an employee only of Hendricks and has no authority to accept service of process for defendant. Defendant is listed in the Chicago telephone directories.

Upon these facts Judge Sullivan held that defendant was not doing business in Illinois, and was not amenable to service of process in that state. His decision was impelled by the opinion of this court in Canvas Fabricators, Inc. v. William E. Hooper & Sons Co., 7 Cir., 1952, 199 F.2d 485, the facts in which were not greatly dissimilar to those here involved. There, too, the defendant had maintained an office in the city of Chicago for many years. Its name appeared on the office door and was listed in the telephone directory. It did something that the defendant in this case did not do, in that it maintained a bank account in Chicago. There, the sales agent used stationery and letterheads bearing the company

name and the Chicago office address. No contracts were entered into in Illinois; all purchase orders were solicited by the sales agent and forwarded by him to the defendant at its Philadelphia office, where they were either accepted or rejected. Shipments were made f. o. b. the factory and there, as here, neither the sales agent nor any other person, had any authority to transact business in Illinois other than to solicit orders handled in the manner aforesaid.

This court held that the Illinois law must control in a diversity case; that in that state, a foreign corporation whose activities were limited to the facts there involved was not amenable to process, citing Illinois authorities, quoting at length therefrom and concluding that the opinions of the Illinois Supreme Court required a decision that the defendant in that case was not subject to process, for the reason that it was not engaged in business in the State of Illinois in any way other than by solicitation of orders to be accepted or rejected elsewhere.

There is no escape from this decision unless there are some facts differentiating the controversy now before us from that which existed in the Canvas Fabricators case. As we have pointed out, the defendant here did not have a bank account in Illinois. It had only the samples, catalogs and fixtures in the office upon which it paid a personal property tax. In both cases the corporation owned certain personal property located in the office. Whether the defendant in the earlier case paid a State tax thereon does not appear. That difference, if it exists, we think, is of no decisive importance. Otherwise the facts here are not so strong for the plaintiff as they were in the earlier case.

We see no occasion, therefore, to depart from the reasoning of our prior decision. The Illinois authorities cited in that opinion are controlling here. They establish a settled rule that a foreign corporation will not be deemed to be doing business in the state if its activities are limited entirely to the solicitation of purchase orders which are acted upon only in another state. We have no right to extend or modify the doctrine as it is defined by the courts of Illinois. However, it may not be amiss to observe that federal cases have quite generally followed the same reasoning. See Green v. Chicago B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 51 L.Ed. 916; Kelley v. D. L. & W. R. Co., 1 Cir., 170 F.2d 195; Maxfield v. Canadian Pacific R. Co., 8 Cir., 70 F.2d 982.

Plaintiff relies heavily upon International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. There the lower court had decided that International's activities were sufficient to constitute doing business within the state, so as to make it subject to process in suits brought in that state by the State. The question in the Supreme Court was whether there had been lack of due process of law in the attempt of the state to recover contributions to the State Unemployment Compensation fund. We are not confronted with that question. If Illinois had attempted to take jurisdiction over defendant and the latter had claimed that such action deprived it of due process of law, our issue would have been the same as that before the Supreme Court in the International case. But here, Illinois has not seen fit to attempt to exercise jurisdiction over defendant, and our question is merely whether the Illinois authorities support a holding that defendant, under the particular facts involved, was amenable to process in Illinois. As defendant points out, the distinction is that the question of due process arises only when a state asserts jurisdiction, not when the state desists from attempting to take jurisdiction and it is contended merely that the facts are not within the state decisions. This distinction is clearly defined in Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193.

Plaintiff relies also on International Harvester Co. v. Commonwealth of Kentucky, 234 U.S. 579, 34 S.Ct. 944, 58 L.Ed. 1479. In that case the Kentucky court had held that the corporation was doing business within the state; therefore the

question presented to the Supreme Court was whether the decision that the defendant was amenable to process violated Federal constitutional rights. Consequently, the question presented was not the one confronting us.

 We conclude, as we did in Canvas Fabricators that, under the law of Illinois, defendant was not doing business in Illinois within the meaning of the Illinois statutes and, therefore, was not amenable to service of process.

The judgment is
Affirmed.