K. SHAPIRO, Inc., a Michigan Corporation, Plaintiff,

v.

NEW YORK CENTRAL RAILROAD COMPANY, a Michigan Corporation, and New York, New Haven & Hartford Railroad Company, a Foreign Corporation, Defendants.

No. 16119.

United States District Court
E. D. Michigan, S. D.
July 10, 1957.

Friedman, Meyers & Keys, Detroit, Mich., for plaintiff.

George H. Wyatt, Jack I. Alspector, Detroit, Mich., for New York Cent. R. Co.

William A. Alfs, Detroit, Mich., for New Haven & H. R. Co.

PICARD, District Judge.

Motion by New York, New Haven & Hartford Railroad Company hereinafter referred to as "New Haven" to quash service and dismiss.

### Findings of Fact

Plaintiff originally commenced action against the New York Central Railroad Company, a Michigan corporation, pursuant to Section 20, Paragraph (11) Title 49 U.S.C.A. The complaint alleged that on September 10, 1954, plaintiff delivered to said defendant a shipment of fresh veal destined for Harlem River, New York, routed over the lines of New York Central and New Haven Railroad Companies. The complaint further alleged that due to negligence of either or both railroads the veal spoiled enroute and was rejected by the consignee.

After the New York Central answered and after a pretrial, plaintiff's motion to add New Haven as a party defendant was granted. Thereupon plaintiff filed an amended complaint, paragraphs 1, 2, and 3 of which read as follows:

"1. As to Defendant, New York Central Railroad Company, a Michigan Corporation, this action arises under United States Code Title 49, Section 20, Paragraph 11, as hereinafter more fully appears.

"2. Plaintiff is a Michigan corporation doing business in the City of Detroit, Michigan. Defendant, New York, New Haven and Hartford Railroad Co., is a foreign corporation doing business in the City of Detroit, Michigan.

"3. The matter in controversy exceeds, exclusive of interest and Court costs, the sum of Three Thousand ($3,000.00) Dollars."

Subsequently a summons and copy of the amended complaint were served on Thomas Joseph Gilhooly, General Traffic Agent for New Haven in Detroit. The latter is not incorporated in this state, has not been admitted to business,

nor does it operate any lines within Michigan but maintains a small two room office in the General Motors Building in Detroit staffed with two employees, Mr. Gilhooly and a stenographer. These two employees serve as agents for New Haven. However, while New Haven's representatives do not make contracts, sell tickets or handle funds, they do make or help customers make arrangements for the same. They do solicit, and have in the past, secured a considerable amount of freight and passenger business for the railroad so that their activity in the latter's behalf may be characterized as continuous and concerted; they do trace lost shipments and give advice on freight and passenger routings; they do keep close observation of business trends and conditions, such as loss of business and forecasts of future conditions and report to their supervisors; they do attend educational tours in order to keep well informed on the facilities of New Haven available to customers so they can advise the latter accordingly; and the New Haven does have some equipment such as box cars and gondolas available in Michigan. But New Haven has no tracks in Michigan.

Each side filed two briefs and plaintiff's first brief stated that:

"N.Y. N.H. & H.'s brief quite properly proceeds on the theory that the issue presented by its motion must be decided under the controlling Federal authorities. This is true, not only because (as Defendant points out) *this suit arises under* the Carmack Amendment (49 U.S.C.A. Sec. 20 (11) * * *."

It appears, therefore, that plaintiff, although paragraphs 2 and 3 of its amended complaint alleged diversity and jurisdictional amount in its action against New Haven, nevertheless first intended its action to be based exclusively on Section 20 (11) of the Carmack Amendment—Section 20 (11) of which is as follows:

"* * * all actions brought under and by virtue of this paragraph against the delivering carrier shall be brought, and may be maintained, if in a district court of the United States, only in a district, * * * through or into which the defendant carrier operates a line of railroad."

Noting that plaintiff in paragraph 8 of its amended complaint had alleged that New Haven was only the "connecting or delivering carrier", and it being agreed that the New Haven does not operate a line of railroad in this state, gave us pause and an examination of the briefs revealed that both plaintiff and defendant had neglected to discuss this point or to mention the above quoted provision. Believing this might have been an oversight, the court, through its clerk, directed this matter to counsels' attention, whereupon each filed a supplemental brief, but again ignored the above cited section, while each seemingly reversed its position assumed in their respective first briefs.

### Conclusions of Law

■ In view of paragraphs 1, 2, and 3 of plaintiff's amended complaint, we believe its action against New Haven is now based upon diversity of citizenship. Paragraph 1 specifically states that as to defendant New York Central the action arises under Title 49 U.S.C.A., but when setting forth the necessary jurisdictional allegations as to New Haven, the amended complaint alleges diversity and the jurisdictional amount, without mentioning Title 49 U.S.C.A.

Although plaintiff might have brought its action pursuant to the above Act, subject, of course, to the requirement that a "delivering carrier" have a line of railroad in this jurisdiction, it is not required to do so. This is true because Section 20 (11) provides that

"* * * nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under the existing law."

■ Nor is the right to maintain the action affected because joined with another which arises under the laws of the United States. We interpret Hurn v.

Oursler, 289 U.S. 238, 53 S.Ct. 586, 77 L.Ed. 1148, to permit the joinder of federal and non-federal causes of action in the same complaint where proper jurisdictional grounds exist.

Having decided that the claim against New Haven is a diversity action, the question then arises, Are state or federal decisions determinative of whether or not defendant is doing business in Michigan for purposes of service of process out of this court?

This question has been before the lower federal courts many times and the decisions are not uniform. See Kenny v. Alaska Airlines, D.C., 132 F.Supp. 838, for citation discussion and classification of those cases.

The lower federal courts being in disagreement, we examined the decisions of the Supreme Court of the United States which, also, unfortunately, has not expressly and directly ruled on this precise issue since its decision in Erie Railroad Co. v. Tompkins, 1938, 304 U. S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. However, in Angel v. Bullington, 1946, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, a case decided subsequent to Erie Railroad Co. v. Tompkins, supra, where a citizen of Virginia brought suit in the federal court of North Carolina, against a citizen of that state, the district court held that since the state courts would not entertain the action, a federal tribunal sitting in that state was likewise prevented from so doing. The Supreme Court said, 330 U.S. at page 192, 67 S. Ct. at page 662—

"What is more important, diversity jurisdiction must follow State law and policy. A federal court in North Carolina, when invoked on grounds of diversity of citizenship, cannot give that which North Carolina has withheld."

Then again in Woods v. Interstate Realty Co., 1949, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524, the Supreme Court held that where the courts of a state in which a federal tribunal is sitting have declared a contract unenforceable but not void, the latter could not be enforced in the

Federal Court, citing Erie Railroad Co. v. Tompkins and Angel v. Bullington, both supra. Under these decisions we believe that in determining whether or not a foreign corporation was "doing business" in a particular state for purpose of securing jurisdiction, a Federal Court would be obliged to resort to the decisions of the highest court of the state in which it was sitting. But in Riverbank Laboratories v. Hardwood Products Corp., 220 F.2d 465, the Court of Appeals, Seventh Circuit, reversed a District Court, holding that a Wisconsin corporation having sales agents in Illinois who solicited orders, investigated complaints and consulted with third parties in relation to its product, was "doing business" in that state. The Seventh Circuit Court of Appeals reversed on the grounds that the decisions of the state court were determinative and that under those decisions the corporation was not "doing business". But this court was in turn reversed by the Supreme Court—350 U.S. 1003, 76 S.Ct. 648, 100 L.Ed. 866—saying—

"The Court is of the opinion that the District Court correctly found there was proper service upon the defendant in this case."

■ While the Supreme Court did not expressly overrule Angel v. Bullington and Woods v. Interstate Realty Co., both supra, nor distinguish these cases, we hold that the ruling per se stands for the proposition that in cases like the one before us, the federal courts should be guided by the principles enunciated in International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, instead of blindly following pronouncements of state courts. In the case at bar, however, it is immaterial as both courts hold the same. Hellman v. Ladd, 315 Mich. 150, 23 N.W.2d 244.

■ Thus in deciding whether New Haven was doing business so that service of process out of this court was proper, we do not rely alone on the state court decisions but do rely upon cases decided by the federal courts. And when the business activity carried on in this state

on behalf of New Haven is considered in the light of the standards established by the Supreme Court in International Shoe Co. v. State of Washington, supra, and by our Court of Appeals in Scholnik v. National Airlines, 6 Cir., 219 F.2d 115, there can be no doubt that defendant New Haven is amenable to process out of this court.

Motion is denied.