John H. HAAS, Plaintiff,

v.

FANCHER FURNITURE COMPANY, a corporation, Standard Chair Company, a corporation, and C. Leonard Erickson, Defendants.

No. 56C1548.

United States District Court
N. D. Illinois, E. D.
Dec. 5, 1957.

Lochtan & Wolfe, Chicago, Ill., for plaintiff.

Kirkland, Fleming, Green, Martin & Ellis, Chicago, Ill., for defendants.

CAMPBELL, District Judge.

Plaintiff, John H. Haas, has filed this action against defendants Fancher Furniture Company, a New York corporation, Standard Chair Company, a Pennsylvania Corporation, and C. L. Erickson, as president and secretary of defendant corporations, alleging breach of an employment contract. The contract was entered into in Chicago, Illinois, and it is alleged that by its terms defendants agreed to employ plaintiff as general sales manager in Illinois. Jurisdiction is based on diversity of citizenship.

Fancher Furniture Company and Standard Chair Company have filed a motion to quash service of summons. Defendant, C. Leonard Erickson has filed a motion to be dismissed from this action in the event that it be held that service of summons on defendant corporations is invalid.

The affidavits filed by Fancher Furniture Company and Standard Chair Company in support of their motion to quash service of summons may be summarized as follows:

No Fancher Furniture Company products are manufactured in Illinois, and no inventories of merchandise are maintained in this State. All purchases by Illinois customers are shipped f. o. b. from Salamanca, New York, to the Chicago, Illinois, area. Billings for merchandise sold in Illinois are mailed direct from Salamanca, New York, to the customer, and payment is made direct to Salamanca, New York, or to a factor in New York, New York. All matters pertaining to warranty, credit or collection of accounts are handled by Fancher at Salamanca, New York. Fancher maintains no bank accounts in Illinois, and owns no real estate situated in Illinois.

Fancher has an agreement with George Hildreth, who is engaged in the solicitation of orders for the purchase of merchandise and the promotion of good will in Illinois. Under the terms of the agreement, Fancher does not direct or in any way control the conduct of George Hildreth's solicitation of orders. It is not bound by orders solicited by George Hildreth until the order has been accepted by it in writing in Salamanca, New York. George Hildreth has no authority to create obligations, adjust or collect accounts receivable, or authorize a return of merchandise on behalf of Fancher. George Hildreth is not paid a salary, but receives compensation in the form of commissions.

The affidavit filed by Standard Chair Company sets forth the same set of facts except that it is located in Union City, Pennsylvania. Standard has an agreement with William Kauss which is the same as that which Fancher Furniture Company has with George Hildreth.

Service of summons upon Fancher Furniture Company and Standard Chair Company was made on September 21, 1956, by serving George Hildreth and William Kauss and again on January 10, 1957, by serving C. L. Erickson, who was visiting Chicago, as president and secretary of the two corporations.

■ It is unnecessary here to decide whether service upon defendant corporations was effected by delivering copies of the summons to George Hildreth and William Kauss. It is clear that the subsequent delivery of the summons to C. L. Erickson was "delivery * * * to an officer" of the defendant corporations within the meaning of Rule 4(d) (3) Federal Rules of Civil Procedure, 28 U.S. C.A.

■ Defendant corporations contend, however, that this court does not have jurisdiction over their corporate "persons" because they are not "doing business" within this State. They contend that, in a diversity case, the question of personal jurisdiction of this court must be resolved by reference to the law of this State. While the lower Federal courts have not been in agreement on this point (see Kenny v. Alaska Airlines, D.C., 132 F.Supp. 838), the Court of Appeals, Seventh Circuit, has consistently held that State law is applicable to this issue in such cases. Riverbank Laboratories v. Hardwood Products Corp., 220 F.2d 465, 467; Roberts v. Evans Case Co., 218 F.2d 893. It is true that its decision in Riverbank Laboratories was reversed by the Supreme Court, 350 U.S. 1003, 76 S.Ct. 648, 100 L.Ed. 866, saying "The Court is of the opinion that the District Court correctly found there was proper service * * *."

I do not think that, by this memorandum decision, the Supreme Court can be taken to have overruled or distinguished Angel v. Bullington, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832, and Woods v. Interstate Realty Co., 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524, which have hitherto been relied on for the view that State law is applicable to the question of personal jurisdiction in diversity cases (see contra K. Shapiro, Inc., v. New York Central Railroad Co., D.C., 152 F. Supp. 722, 726).

■ In this case, however, the question of applicable law is immaterial, for the jurisdiction of this court is sustained both by Federal and State law. It is clearly sustained by Federal law, Travelers Health Ass'n v. Com. of Virginia, 339 U.S. 643, 70 S.Ct. 927, 94 L.Ed. 1154; Scholnik v. National Airlines, 6 Cir., 219 F.2d 115; K. Shapiro, Inc., v. New York Central Railroad Co., D.C., 152 F.Supp. 722. Plaintiff's affidavit filed with this Court discloses that defendant corporations have been engaged in the solicitation of business in this State for over ten years and that they maintain offices in Chicago, Illinois, for this purpose, with telephone listings under their names.

Defendant corporations refer, on the question of Illinois law, to Bull & Co. v. Boston & Maine R. R. Co., 344 Ill. 11, 175 N.E. 837; Booz v. Texas & Pacific Ry. Co., 250 Ill. 376, 95 N.E. 460, and the decisions of the courts of this circuit in Roberts v. Evans Case Co., 7 Cir., 218 F.2d 893; Canvas Fabricators, Inc., v. William E. Hooper & Sons Co., 7 Cir., 199 F.2d 485; and Olshansky v. Thyer Mfg. Corporation, D.C., 13 F.R.D. 227. Those cases were all decided prior to the enactment of sections 16 and 17 of the Illinois Civil Practice Act, Ill.Rev.Stat. 1957, Chap. 110 par. 16 and 17.

■ So far as material here, section 17 provides:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits said person, and, if an individual, his personal representative, to the jurisdiction of

the courts of this State as to any cause of action arising from the doing of any of said acts:

"(a) The transaction of any business within this State;

"(b) The commission of a tortious act within this State;

"(c) The ownership, use, or possession of any real estate situated in this State;

"(d) Contracting to insure any person, property or risk located within this State at the time of contracting."

There cannot be any doubt that it was the intention of the drafters of this section to assert the jurisdiction of the State of Illinois over non-resident defendants to the fullest extent permissible under the Due Process Clause of the Fourteenth Amendment and Article II, Section 2 of the Illinois Constitution, S. H.A. It is clear from subsection (b) of Section 17 that the drafters were attempting to implement the "minimum contact" theory of jurisdiction first enunciated in International Shoe Co. v. State of Washington, 326 U.S. 310, 317, 66 S.Ct. 154, 90 L.Ed. 95. That subsection has been recently interpreted and upheld, against a challenge as to its constitutionality under the State and Federal Constitutions, by the Illinois Supreme Court, Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, and the "minimum contact" theory of jurisdiction has been accepted as the guiding light for the interpretation of the section as a whole.

██ The words of subsection (a) of Section 17 cannot be given a restrictive interpretation based upon the old Illinois "doing business" cases. The subsection speaks of "transaction of any business within this State" not of "doing business" here. There are proper limits to the process of fitting single events into the word "transaction" (see Erlanger Mills v. Cohoes Fibre Mills, 4 Cir., 239 F.2d 502; Park Beverage Co. v. Goebel Brewing Co., 197 Md. 369, 79 A.2d 157), but it seems clear from the decision in Nelson v. Miller supra, that Illinois courts would claim jurisdiction over the corporate defendants in this case under Section 17(a), where, as here, the cause of action arises out of a contract entered into by defendants within this State and one which was to be performed wholly within this State. Such an interpretation of subsection(a) of Section 17 does not conflict with subsection (d). Subsection (d) clearly looks to the location of the person, property or risk as the minimum contact required, not to the place of contracting.

Should the Illinois courts hold that subsection (a) requires a certain continuity of activities within this State, it is inconceivable that after the decision in Nelson v. Miller, supra they would reject decisions such as Travelers Health Ass'n v. Com. of Virginia, and Scholnik v. National Airlines, supra, and apply the old Illinois cases on the question of what constitutes "doing business" in that sense.

One last point deserves notice here. The complaint alleges that the breach of contract giving rise to the present action occurred on or about August 12, 1955. While this question is not raised in defendants' briefs, it should be noted that the Illinois Supreme Court in Nelson v. Miller, supra, rejected defendant's claim that Sections 16 and 17 authorizing extraterritorial service cannot be applied to him because the cause of action arose before the effective date of those provisions. In so far as that claim was based on the Federal Constitution the Court stated that Sections 16 and 17 do "not extend either to destruction of an existing cause of action or to the creation of a new liability for past events" (11 Ill.2d 378, 382, 143 N.E.2d 673, 675, citing Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528). In so far as that claim was based on Illinois law the Court followed its prior decision in Ogdon v. Gianakos, 415 Ill. 591, 114 N.E.2d 686.

In this case no question of extraterritorial service is involved. No objection can be made to the use of Sections 16 and 17 here, for the purpose of deciding that

Illinois Courts today would assume personal jurisdiction over defendant corporations, notwithstanding the older Illinois cases cited.

Accordingly, the motion of defendants Fancher Furniture and Standard Chair Company to quash service of summons upon them is hereby denied.

The motion of defendant C. Leonard Erickson to be dismissed from this case is hereby denied.