## Comfort Designs, Inc. v. Pennsylvania Truck Lines, Inc.

*Richard J. Confair,* for plaintiff.
*David E. Lehman,* for defendant.
*Arthur Silverblatt,* for additional defendant.

TOOLE, *J.,* April 30, 1980—On August 22, 1978 Comfort Designs, Inc. (hereinafter referred to as Comfort Designs) filed an eight count complaint in assumpsit against Pennsylvania Truck Lines, Inc. (hereinafter referred to as Truck Lines) to recover for damages allegedly sustained when four separate shipments of merchandise were delivered by Truck Lines in a damaged condition to Comfort Designs at its place of business in Kingston, Luzerne County, Pa. Truck Lines filed an answer and new matter to the complaint to which Comfort Designs filed a reply.

On February 9, 1979, Truck Lines filed a complaint joining Southern Railway System (hereinafter referred to as Southern) as an additional defendant. In its complaint Truck Lines alleged that if plaintiff's merchandise was damaged such damage occurred while the merchandise was in the custody of Southern, from whom Truck Lines received the shipment at Alexandria, Va., and transported it to Comfort Designs' place of business in Kingston, Pa.

Truck Lines also alleged in its complaint against Southern:

"10. If plaintiff is entitled to any recovery, such recovery, whether in assumpsit or trespass, is as against Southern Railway System alone, and not Pennsylvania Truck Lines, Inc. In the alternative, if plaintiff be entitled to any recovery as against, Pennsylvania Truck Lines, Inc., which is expressly denied by defendant for the reasons set forth in defendant's Answer and New Matter, then Pennsylvania Truck Lines, Inc., demands judgment over against the additional defendant for indemnity, or, in the further alternative, for contribution."

Southern filed preliminary objections to the third party complaint contending that the court lacked jurisdiction in Luzerne County on the basis of defective service, and also on the basis that the court had no jurisdiction over the subject matter of the proceedings. At argument, Southern admitted that service was proper and effective, and hence the only question before the court is whether we have and should exercise jurisdiction over the subject matter.

Southern contends that this court does not have subject matter jurisdiction because the Carmack Amendment[1] preempts state causes of action and further provides that no cause of action thereunder may be maintained against a delivering carrier in any state in which it does not have tracks.

It is admitted in this case that Southern does not maintain tracks in this Commonwealth, and unless there is some other valid jurisdictional basis for the suit, it would appear that the objections should be sustained.

---

1. Revised Interstate Commerce Act of October 17, 1978, 92 Stat. 1337, 49 U.S.C.A. §11707(d) (formerly 49 U.S.C.A. §20, par. (11)).

Southern's argument that the Carmack Amendment preempts state causes of action is based upon the decision of the United States Court of Appeals of the Sixth Circuit in W. D. Lawson and Company v. Penn Central Company, 456 F.2d 419 (6th Cir. 1972). However, in Season-All Industries, Inc. v. Merchant Shippers, 451 F. Supp. 727, 732 (1978), W.D. Pa. the United States District Court for the Western District of Pennsylvania disapproved of the Lawson preemption holding stating:

"If Lawson is applicable to the present suit, we do not think it sound, and we note that the Supreme Court decision on which it heavily relies, Adams Express Co. v. Croninger, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 [1913], did not hold that the Carmack Amendment abolished common law rights completely. . . ."

The court in Season-All examined the legislative history of the Carmack Amendment, and then pertinently noted, at pp. 733-734:

"The debate . . . may suggest a strict limitation on the right to sue the delivering carrier. Properly understood, however, the legislative history leads to the result of the Shapiro[2] case, supra, that a delivering carrier is still subject to suit where an independent jurisdictional base lies." See also Litvak Meat Co. v. Baker, 446 F. 2d 329 (10th Cir. 1971).

The court in Season-All also noted at p. 734:

"The very most the limitation on suits against delivering carriers should be taken to mean is that if liability is sought against the delivering carrier

_____

2. K. Shapiro, Inc., v. New York Central Railroad Co., 152 F. Supp. 722 (E.D. Mich. 1957).

for the entire loss under 20(11), regardless of which line the loss occurred on, the suit must be brought in a district in which the carrier has track, but as for recovering the losses that occurred on the delivering carrier's own lines, suit may be brought wherever proper service can be had."

It is clear that the Carmack Amendment gives the holder of the receipt or bill of lading the right to sue either the initial or the delivering carrier for the entire loss, regardless of which carrier caused the loss. The Carmack Amendment relieves the holder of the burden of searching out a particular negligent carrier from the often numerous carriers which might have handled the shipment. The only limitation under the amendment is that such suits may be maintained only in the state through or into which the carrier operates a line of railroad.

It is admitted in this case that Southern does not maintain tracks in this Commonwealth and, again, unless there is some other valid jurisdictional basis for the suit, it would appear that Southern cannot be joined on the basis as alleged in this complaint that it is alone liable.

It is clear, therefore, that if this suit is based on some theory other than the Carmack Amendment and is to recover for losses that occurred on the Southern line, that suit may be initiated provided proper sevice can be effected.

In their brief, Truck Lines argues that "Southern is not joined in this action as the delivering carrier or as a receiving carrier, rather it is joined as the carrier immediately preceding" Truck Lines. In this regard, we note that the Carmack Amendment also recognizes and provides for indemnification from the carrier on whose line the loss, damage or injury might have been sustained. We agree with

Truck Lines that on the theory of indemnification or contribution that the joinder is permissible and not barred by either the Carmack Amendment or any applicable state law. See also Lawson, supra, fn. 2, at p. 424.

For the reasons stated, we are satisfied that this court has jurisdiction over the subject matter, and, accordingly, we enter the following

## ORDER

The preliminary objections of the additional defendant, Southern Railway System, to the third party complaint of the original defendant, Pennsylvania Truck Lines, Inc., are hereby overruled and dismissed.