(No. 20475.—

G. W. BULL & Co., Appellee, *vs.* THE BOSTON AND MAINE RAILROAD.—(THE PULLMAN COMPANY, Appellant.)

*Opinion filed April 23, 1931.*

12

JOHN GIBSON HALE, for appellant.

J. V. DELANEY, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This is an appeal by the Pullman Company, a corporation, from a judgment against it, as garnishee, in favor of the Boston and Maine Railroad, a corporation, for the use of G. W. Bull & Co., a corporation, in a suit brought in trespass in the municipal court of Chicago. For a statement of the pleadings and proceedings in the cause prior to January 23, 1925, reference is made to *Bull & Co.* v. *Boston and Maine Railroad,* 324 Ill. 579. After the vacation of the judgment on January 23, 1925, no further action was taken in the cause until January 28, 1929. An affidavit for attachment in aid was filed and a writ of attachment in aid was issued, returnable February 24, 1929, and directing the summoning of the Pullman Company as garnishee, which

writ was returned properly served upon the Pullman Company. The return showed that the Boston and Maine Railroad Company was not found in the city of Chicago and that none of its property on which to levy the writ was found in that city. On September 6, 1929, there was filed a purported certificate of the clerk of the court that on that day, being within ten days after the first publication of a notice contained therein, he sent by mail, postage pre-paid, a copy of the notice to the Boston and Maine Railroad, defendant, at Boston, Massachusetts. This notice, after the caption, recited: "Public notice is hereby given to the said Boston and Maine Railroad that a writ of attachment in aid of a suit at law heretofore commenced by summons and still pending, issued by the municipal court of Chicago, dated the twenty-eighth day of January, 1929, at the suit of the above named plaintiff, G. W. Bull & Co., Inc., and against the lands, goods, chattels, rights, moneys, credits and effects of the said Boston and Maine Railroad for the sum of $1937.67, directed to the bailiff of the municipal court of Chicago to execute, and which writ has been duly returned by said bailiff executed by levying on property described and more fully set forth in said return," and that unless the Boston and Maine Railroad should personally be and appear before the municipal court in branch 6, room 913, at the city hall in the city of Chicago, at 9:30 A. M. on Monday, the 14th of October, 1929, and give special bail and plead to the plaintiff's action, judgment would be entered against it and in favor of G. W. Bull & Co., and so much of the property attached as might be sufficient to satisfy the judgment and costs would be sold to satisfy the same.

Bull & Co.'s statement of claim as originally filed alleged that the defendant, the Boston and Maine Railroad Company, a corporation, (not the Boston and Maine Railroad, a corporation, against which this judgment is rendered,) was a common carrier in the year 1921 between points in the State of Massachusetts; that plaintiff delivered to defendant

one car-load of tub butter at Worcester, Massachusetts, on October 22, 1921, for transportation to Boston, and that it, as a common carrier, received the butter, to be transported within a reasonable time and delivered in like condition as received, for a valuable consideration to be paid, as freight; that it was the duty of defendant, upon receipt of the butter, to transport the same within a reasonable time and deliver it in like condition as received, but that it failed in its duty and did not deliver the butter in like condition as received, but, on the contrary, it was delivered in a deteriorated and tainted condition, with a strong odor of apples and other fruits, which lessened its value, and that plaintiff was damaged in the sum of $3000, for which it brought this suit. This statement of claim was thereafter amended at different times, but all such amendments were based upon the same transaction.

The record under date of April 24, 1930, after the caption of the cause, contains the following: "Judgment *vs.* Defendant, Boston-Maine Railroad Company, a corp., twenty-eight hundred forty-two and 12/100 dollars, ($2842.12)." The suit was originally brought against the Boston and Maine Railroad Company, a corporation. Thereafter the Boston and Maine Railroad, a corporation, was made a party defendant together with the original defendant. Thereafter the original defendant, the Boston and Maine Railroad Company, was dismissed, and on April 24, 1930, at the time of the rendition of this purported judgment the Boston and Maine Railroad Company, against whom the judgment purports to have been rendered, was no longer a party to the suit. It is likewise to be noted that the record does not show in whose favor this purported judgment was rendered. Following this entry in the record, and as of the same date, appears the filing of an additional statement of claim by Bull & Co. by leave of court, averring that plaintiff is a resident of Illinois and an Illinois corporation and was such at the time the shipment moved from Chicago

to Worcester, Massachusetts, where the same was stored, pursuant to tariffs then on file, to which defendant was a party, and that when such shipment was delivered to defendant it was in sound shipping condition, and that interest in addition to damages was asked, as payment had been wrongfully and vexatiously delayed. No notice of such proposed amendment or of such amendment was given to the Boston and Maine Railroad.

On May 16, 1930, the Boston and Maine Railroad entered its special appearance for the sole purpose of moving to vacate the judgment of April 24, 1930, and moved to vacate the judgment for the reasons following:

*First*—Because this movant is a corporation existing by virtue of the laws of Massachusetts and has lines of railway only in the States of Massachusetts, Maine, New Hampshire and New York, its western terminus being Rotterdam Junction, New York, and its managing and principal office at Cambridge, Massachusetts; that it has no license to transact business within the State of Illinois, and has never transacted any of its business within said State other than by maintaining offices in said State for the soliciting of business to be moved over its lines in other States; that the exercise of jurisdiction by this court over it or its property under the process issued in this cause and rendition of the judgment in this cause on the 24th day of April, 1930, in the sum of $2842.16, together with garnishment of its property which may be held or its credits or moneys which may be due from citizens of Illinois, is without jurisdiction of this court and constitutes a violation of the due process provision of the fifth amendment to the Federal constitution and the fourteenth amendment to said constitution as well, for which reasons the issue of the process in this cause and the rendition of said judgment were beyond the jurisdiction of this court, and the court in rendering the judgment was without jurisdiction of the person of this movant or the subject matter of this cause.

*Second*—Plaintiff's statement of claim in this cause counts upon a cause of action arising from and out of a shipment of property made from Worcester, Massachusetts, to Boston, Massachusetts, and the answer of the Pullman Company as garnishee herein admits the existence of a traffic balance in favor of this movant, arising from the participation of this movant and the garnishee in the interstate commerce of the United States of as much as $2000 at the time of the institution of this suit; that this movant is a Massachusetts corporation without line of railway in the State of Illinois, and has never transacted any of its business within Illinois other than to maintain offices there for the solicitation of traffic to be moved over its lines of railway in the States of New York, New Hampshire, Maine, Massachusetts and States other than Illinois and has not consented to be sued in Illinois; that under such circumstances and conditions the application of the statute of Illinois authorizing the issue of the writ of attachment in aid and of garnishment process thereunder, for the garnishment seizure, holding or tying-up of the money or indebtedness which may be due as a traffic balance from the Pullman Company to this movant, arising from the participation of this movant and said company in interstate commerce of the United States, constitutes, and is, an unreasonable burden upon the interstate commerce of the United States and renders said statute of Illinois invalid as to such interstate commerce, and the service of the writ of attachment in aid upon the Pullman Company, and the issue thereof by this court, were without jurisdiction and void under the commerce provision of the constitution of the United States; that the additional statement of claim filed in this cause on the 24th day of April, 1930, without notice to this movant, alleging that said shipment was made from Chicago to Worcester, where it was stored, pursuant to the tariff then on file, to which this movant was a party, was and is an attempt to evade and escape the provisions and effect of

the commerce clause of the Federal constitution and was the statement of a new cause of action, and was wholly unauthorized and beyond the jurisdiction of this court and without effect, and without notice except notice to the attorney who had acted for this movant in its special appearance in this cause for the sole purpose of moving to vacate a judgment rendered herein against this movant on the 11th day of December, 1929.

*Third*—The statute of Illinois authorizes the issue of the writ of attachment in aid in actions of assumpsit, trespass on the case, debt and covenant which have been commenced by summons or *capias,* and in actions of trespass or trespass on the case provides that such writ shall only issue after examination had before a judge or master in chancery concerning the cause of action and an endorsement made by such judge or master in chancery on the affidavit for the writ of the amount for which it may issue; that this movant being a Massachusetts corporation, without line of railway or office in Illinois other than for soliciting of business, was not subject to suit in Illinois by summons; that this action having been instituted in trespass and no examination having been made by a judge or master in chancery concerning the cause of action, and no endorsement being made upon the affidavit for the writ of attachment in aid of the amount for which it might issue, the writ was issued without authority of law and is void and the court was without jurisdiction to render the judgment here sought to be vacated.

*Fourth*—The Illinois statute providing for the issue of the writ of attachment in aid confines such process to actions in assumpsit, debt, trespass or trespass on the case, and the certificate of the clerk of this court of the mailing of notice to this movant of the pendency of an action at law did not constitute notice of the issue of the writ of attachment in aid, for which reason the court was without jurisdiction to enter the judgment here sought to be vacated.

*Fifth*—The statute of Illinois providing for the issue of the writ of attachment in aid, and notice thereof to a non-resident of the State by publication upon the filing of an affidavit showing such non-residence and the place of residence of the defendant, was not complied with by the clerk of this court mailing a notice of the issue of the writ of attachment in aid addressed "Boston and Maine Railroad, Boston, Massachusetts," and such action or notice was insufficient to give the court jurisdiction of this movant or to enter the judgment of April 24, 1930.

*Sixth*—The action in which the writ of attachment in aid was issued against this movant having been instituted in trespass for the recovery of unliquidated damages the court was without jurisdiction to issue the writ, and the judgment here sought to be vacated is void.

Attached to and made a part of this motion was the affidavit of Nathan W. Hawkes, vice-president of the Boston and Maine Railroad, existing as a common carrier by railway pursuant to the laws of Massachusetts; that he is charged with the conduct of the traffic affairs of the corporation and is familiar with its extent and operations and has been acquainted with its line and properties for the period of twenty years or more last past; that the line and properties of the railroad extend along the Atlantic coast from Boston, Massachusetts, to Portland, Maine, and west and north through the States of Massachusetts, New Hampshire, Vermont and New York, with its western terminus at Rotterdam Junction, New York; that the managing offices of the railroad are in the city of Cambridge, Massachusetts; that the railroad has no line of railway within the State of Illinois and has never operated a car or a train of cars within said State and has never transacted any portion of its business within or maintained an office, agent, representative or employee within said State for the transaction of any portion of its business except an office in Chicago manned by its representatives and employees for the

sole and only purpose of soliciting traffic and transportation originating in the State and destined for movement and conveyance to points in the territory traversed and served by its line of railway east of Rotterdam Junction, to be routed and moved over its line of railway within the territory traversed and covered thereby and beyond or for export. This motion was made within the time prescribed by the Municipal Court act for filing motions to vacate. June 5, 1930, the motion was denied, and on the same day a motion of Bull & Co. to amend the judgment of April 24, 1930, to read, "one thousand nine hundred thirty-seven and 67/100 dollars," was allowed.

On July 31, 1930, the Pullman Company, as garnishee, filed its answer, sworn to by its treasurer, excepting to the jurisdiction of the court of the person of the Boston and Maine Railroad and the subject matter of the garnishee's indebtedness to said railroad arising from and out of the participation of the garnishee and the railroad in the interstate commerce of the United States. The garnishee's answer further stated that at the time of service of the summons in this cause upon it, January 30, 1929, there was a traffic balance of $2000 or more due from it to the railroad arising solely and wholly from and out of the participation of the garnishee and the railroad in the interstate commerce of the United States in the operation of sleeping cars and parlor cars by the garnishee from points in one State of the United States to points in another State over the line or system of railway operated by said railroad and the transportation of persons by said railroad between said points in such cars over its line or system, such indebtedness or traffic balance having accrued to the railroad under tariffs filed with and approved by the Interstate Commerce Commission in effect at the time of such transportations and as payment therefor, wholly or in part. The garnishee in its answer also set up all the matters contained in the motion of the Boston and Maine Railroad to vacate the judgment

of April 24, 1930, and incorporated in its answer the affidavits filed in support of that motion.

On August 6, 1930, the cause came on for trial upon the pleadings, record and affidavits set forth, including the answer of and propositions of law offered by the Pullman Company. No question was raised by plaintiff as to the truthfulness of the statements contained in the garnishee's answer. All of the propositions of law proffered by the Pullman Company were refused, and after overruling a motion for a new trial the court rendered judgment against it for the sum of $1937.67 in favor of the Boston and Maine Railroad for the use of the plaintiff. From this judgment an appeal was taken to this court, constitutional questions having been raised.

It is a prerequisite to a judgment against a party who has been summoned as garnishee upon a writ of attachment in aid of a suit that there be a valid judgment in such suit rendered by a court having jurisdiction in the premises to render such judgment. This is not a suit in attachment brought under the attachment statute but is a suit in trespass, in which suit a writ of attachment in aid was issued. At the time of the issuance of such writ section 31 of chapter 11 of our statutes provided that in all actions of trespass or trespass upon the case, before a writ of attachment should be issued, the plaintiff, his agent or attorney should apply to a judge of a court of record or a master in chancery of the county in which the suit was pending and be examined under oath by such judge or master concerning the cause of action, and that thereupon such judge or master should endorse upon the affidavit for the writ of attachment in aid the amount of damages for which the writ should issue. In this case no such application was made to a judge or master in chancery and no such endorsement was made upon the affidavit, but the writ issued recites that it was issued upon application to the clerk of the court. An attachment in aid of a suit already commenced is but an

adjunct of such suit and not a distinct proceeding. It is to be entitled in the pending suit and to be in aid thereof. It is only a process and a part of the proceedings of the case originally commenced. In *Moore* v. *Hamilton,* 2 Gilm. 429, it was said: "Before the plaintiff can realize the fruits of the attachment by subjecting the property to sale he must procure a service of the process in the original action and obtain judgment therein." The remedies by attachment are in derogation of the common law and ought not to be extended by implication. (*Firebaugh* v. *Hall,* 63 Ill. 81.) While amendments to the form of action may be made in a pending suit, and amendments were made from time to time to the affidavit of claim, amendments changing the form of action can only be made by leave of the court, and no leave of court in this case was at any time granted to .change the form of action to one to which the requirement of an application to a judge or master in chancery should not apply. As above stated, prior to the rendition of the judgment against the garnishee no judgment had been rendered in favor of appellee against the Boston and Maine Railroad, a corporation. The corporation against which the purported judgment of April 24, 1930, was rendered had been dismissed from the suit on October 30, 1924.

An action of trespass or trespass upon the case is not an action *in rem* but an action *in personam.* The question of the jurisdiction of a court to render a judgment in such case is one of due process of law, and if the defendant was not amenable to service of process within the State a judgment rendered against him in a suit in trespass or trespass on the case is not in pursuance of the due process of law guaranteed by the constitution. (*Booz* v. *Texas and Pacific Railway Co.* 250 Ill. 376.) To render a foreign corporation amenable to process in this State it must appear that the corporation was carrying on its business in this State and that such business was transacted by some agent appointed by or representing the corporation in the State. The Bos-

ton and Maine Railroad had no line of railway and had never operated a car or train of cars within this State. It had never transacted any portion of its business here or maintained an office, agent, representative or employee within this State for the transaction of any portion of its business except an office in Chicago manned by its representatives and employees for the sole and only purpose of soliciting traffic and transportation originating in this State and destined for movement and conveyance to points in the territory traversed and served by its line of railway east of Rotterdam Junction, New York, to be routed and moved over its line of railway within the territory traversed and covered thereby and beyond, or for export. It was not doing business in this State and was not amenable to the service of process of summons in this State. (*Pembleton* v. *Illinois Commercial Men's Ass'n,* 289 Ill. 99; *Booz* v. *Texas and Pacific Railway Co. supra; Green* v. *Chicago, Burlington and Quincy Railroad Co.* 205 U. S. 530; *Berger* v. *Pennsylvania Railroad Co.* 27 R. I. 583; *Vicksburg, S. & P. R. R. Co.* v. *DeBow,* 148 Ga. 738; *Davis* v. *Farmers Co-Operative Equity Co.* 262 U. S. 312; *Thurman* v. *Chicago, Milwaukee and St. Paul Railway Co.* 151 N. E. 63; *Abraham Bros.* v. *Southern Railway Co.* 149 Ala. 547; *Rich* v. *Chicago, Burlington and Quincy Railroad Co.* 34 Wash. 1008.) Under the facts as shown in this case the Boston and Maine Railroad was not amenable to the service of process issued out of the municipal court of the city of Chicago in a suit either in trespass or trespass on the case.

The rendition of the judgment against the Pullman Company, as garnishee, in favor of the Boston and Maine Railroad for the use of appellee was erroneous, in that it was not based upon a valid judgment against the Boston and Maine Railroad.

The judgment of the municipal court is reversed.

*Judgment reversed.*