James Pergl and Rose Pergl, Appellants, v. U. S. Axle Company et al. U. S. Axle Company, Appellee.

Gen. No. 41,993.

Opinion filed June 30, 1943.

GARDNER, CARTON & DOUGLAS, of Chicago, for appellants; ERWIN W. ROEMER, CARL MCGOWAN and JAMES A. VELDE, all of Chicago, of counsel.

BAKER, HOLDER & HAGSTROM, of Chicago, for appellee; JOSEPH G. HAGSTROM, EDWARD J. MURRAY and JOHN E. BAKER, JR., all of Chicago, of counsel.

## ON REHEARING.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action based on a defective automobile axle manufactured by U. S. Axle Company, defendant, and purchased from it by Southwest Auto Parts which sold the axle to plaintiffs. Plaintiffs appeal from an order quashing service of summons on the defendant, U. S. Axle Company on jurisdictional grounds. Johnson, manager of Warehousing Service Company was served as the Axle Company's agent. The Axle Company filed a limited appearance and an affidavit in support thereof, setting forth that it was not doing business in Cook county or the State of Illinois, and the prayer was to quash the summons. A hearing was had on the motion. Defendant had the burden of proving that it was not doing business in Illinois when served. *McGuire v. Outdoor Life Pub. Co.*, 311 Ill. App. 267.

The Axle Company offered the testimony of its secretary and treasurer; and plaintiffs the testimony of Johnson, general manager, and Friedberg, secretary and vice president of the Warehousing Service Company. The evidence that the Axle Company was not "here" is substantially that it maintained no office or place of business, paid no salaries, made no contracts, settled no complaints or disputes, pursued no collections, accepted no returns nor made any exchanges, owned no stock or property, had no stock pledged, had no bank account, had no contract for local

utilities in Illinois, and was licensed for business only in Pennsylvania. The evidence also shows that a stock of defendant's axles were stored with the Warehousing Company in Illinois almost continuously for more than 8 years; that Illinois customers selected from that stock, axles for which it gave the Warehousing Company either a check or cash which was forwarded in the first instance to Pottstown and in the second instance covered by Warehousing Company's check which was in turn sent to Pottstown; and that on these occasions if the customer did not take the axles himself, Warehousing Company shipped them. The foundation of these transactions was the approved list of jobbers sent by defendant to, and kept by, the Warehousing Company.

The question in this case is whether the defendant company at the time of the service of the summons, was "doing business" in the State of Illinois and whether Johnson was a proper person to serve. The issue arises out of the due process clause of the 14th Amendment to the Federal Constitution. The term "doing business" has a different meaning when considering a State's right to tax or license than when considering process of State courts; and we are not concerned with the interstate character of the business, for even if engaged solely in interstate commerce in Illinois, it is amenable to the process of State courts. *International Harvester Co. v. Kentucky,* 234 U. S. 579; *Tauza v. Susquehanna Coal Co.,* 220 N. Y. 259; Restatement of Conflict of Laws, sec. 92; *Taylor v. Southern Ry. Co.,* 350 Ill. 139; *Lamont v. S. R. Moss Cigar Co.,* 218 Ill. App. 435.

In the main there is no dispute in the evidence and, consequently, a legal question was presented which the trial court decided in defendant's favor.

The *Axle Company* insists that its relationship with Warehousing Service Company was that of bailor and bailee and that under the rule in *Peoples Tobacco Co.*

*v. American Tobacco Co.*, 246 U. S. 79, to be "doing business" here the business must be of such a nature as to warrant the inference that the Corporation has submitted to the local jurisdiction and is by its agent present here. We think that the service rendered by the Warehousing Service Company in connection with local jobbers indicates more than the relationship of bailor and bailee. Defendant says Friedberg had no authority except to solicit orders. The evidence of the Warehousing Company's business with local jobbers is to the contrary.

Defendant contends principally that Friedberg and the Warehousing Service Company were merely soliciting agent and warehouse and relies upon the *Peoples Tobacco Co. v. American Tobacco Co.*, 246 U. S. 79 and *Green v. Chicago B. & Q. R. R. Co.*, 205 U. S. 530, to sustain its position that it was not present in Illinois so as to be subject to service. The *International Harvester* case decided that a continuous course of shipments into Kentucky following a continuous solicitation of orders from that State, and the acceptance in Kentucky of money or checks of customers, constituted "doing business." We believe the instant case and the *Harvester* case have different facts than the *Tobacco Company* case and the latter is not controlling here. The same consideration disposes of *Booz v. Texas & Pacific Ry. Co.*, 250 Ill. 376; the recent case *Porcelli v. Great Atlantic & Pacific Tea Co.*, 128 N. J. L. 603, 27 A. (2d) 641; and *Thomas Manufacturing Co. v. Thede*, 186 Ill. App. 248, cited by the Axle Company. *Marshall Milling Co. v. Rosenbluth*, 231 Ill. App. 325, is a license case not pertinent here.

The leading cases cited by both parties on the principal question and the development of the principle applicable, are covered nicely, we think by Justice L. HAND in *Hutchinson v. Chase & Gilbert, Inc.*, 45 F. (2d) 139. (See also *West Pub. Co. v. Superior Court*, 20 Cal. (2d) 720.) Because of the scarcity of Illinois

law on the subject, we quote part of Justice HAND's decision:

"There must be some continuous dealings in the state of the forum; enough to demand a trial away from its home. . . .

"Possibly the maintenance of a regular agency for the solicitation of business will serve without more. The answer made in *Green v. C. B. & Q. R. R. Co.,* 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, and *People's Tob. Co. v. Amer. Tobacco Co.,* 246 U. S. 79, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537, perhaps becomes somewhat doubtful in the light of *International Harvester Co. v. Kentucky,* 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479, and, if it still remains true, it readily yields to slight additions. In *Tauza v. Susquehanna Coal Co., supra,* there was no more, but the business was continuous and substantial. Purchases though carried on regularly, are not enough (*Rosenberg Co. v. Curtis Brown Co.,* 260 U. S. 516, 43 S. Ct. 170, 67 L. Ed. 372), nor are the activities of subsidiary corporations (*Peterson v. Chicago, R. I. & P. Ry. Co.,* 205 U. S. 364, 27 S. Ct. 513, 51 L. Ed. 841; *Cannon Mfg. Co. v. Cudahy Packing Co.,* 267 U. S. 333, 45 S. Ct. 250, 69 L. Ed. 634), or of connecting carriers (*Philadelphia & Read Co. v. McKibbin,* 243 U. S. 264, 37 S. Ct. 280, 61 L. Ed. 710). The maintenance of an office, though always a make-weight, and enough, when accompanied by continuous negotiation, to settle claims (*St. Louis S. W. Ry. v. Alexander,* 227 U. S. 218, 33 S. Ct. 245, 57 L. Ed. 486), is not of much significance (*Davega, Inc. v. Lincoln Furniture Co.,* 29 F. (2) 164 (C. C. A. 2).] It is quite impossible to establish any rule from the decided cases; we must step from tuft to tuft across the morass."

In our opinion Friedberg and the Warehousing Service Company were not merely, soliciting agent and warehouse, so as to make applicable the *Peoples To-*

*bacco* and the *Green* cases. There was not only a continuous solicitation of orders and continuous shipment into Illinois in response thereto, so as to make the *International Harvester Co. v. Kentucky*, 234 U. S. 579 (Day) and *Tauza v. Susquehanna Coal Co.*, 220 N. Y. 259 (Cardozo) apply, but there was in addition a stock ɟf merchandise maintained here, more or less permanently, from which local jobbers were sold. The sales to local jobbers were made without notice to the Company and the last act being done here, Illinois is the place of the contract. *Johnston v. Industrial Com.*, 352 Ill. 74.. We cannot say that any local jobbers would have to go to Pennsylvania to sue on a right arising out of such sales, nor that plaintiff should be compelled under the circumstances here to sue in that State.

It is our opinion that the Company was here, subject to process of Illinois courts, and that Johnson was its agent upon whom service could be had under our practice.

For the reasons given the order of the trial court quashing the service is hereby reversed, and the cause remanded for further proceedings consistent herewith.

*Order reversed and cause remanded.*

BURKE, P. J., and HEBEL, J., concur.