(No. 34961.—

THE HERTZ CORPORATION, Appellant, *vs.* GEORGE L. TAY-
LOR, Appellee.—(ALCOA STEAMSHIP COMPANY, INC.,
Appellee.)

*Opinion filed January 23, 1959.*

Van Emden, Busch & Van Emden, of Chicago, (Ralph Jonas, and George J. Van Emden, of counsel,) for appellant.

Tom L. Yates, of Chicago, (Donald H. Haider, of counsel,) for appellees.

Mr. Justice House delivered the opinion of the court:

The Hertz Corporation brought a damage suit in the municipal court of Chicago against George L. Taylor, a nonresident. The suit was commenced by garnishment in aid of attachment under the provisions of section 21 of the Attachments Act (Ill. Rev. Stat. 1957, chap. 11, par. 21.), the writ being served upon the Alcoa Steamship Company, as garnishee, at its office in Chicago. Upon special appearance and motions by the defendant and the garnishee, the cause was dismissed for want of jurisdiction over the person. The plaintiff appeals directly to this court, constitutional questions having been raised.

The cause of action arose from the breach of a contract, made in Louisiana, whereby defendant rented an automo-

bile from the plaintiff. He permitted another person to drive the car, contrary to the rental agreement; and while that person was driving from New Orleans to Mobile, Alabama, the vehicle was involved in a collision, sustaining the damages for which recovery is sought herein. Defendant is employed by the garnishee as the master of one of its ships. He resides in Mobile, Alabama.

The plaintiff contends first that the garnishee was amenable to service of process in Illinois because of its activities here. It is a foreign corporation not licensed to do business in Illinois, but it maintains a Chicago office from which it solicits freight and passenger business, and sells tickets for transportation on its ships operating outside of this State in interstate and foreign commerce. Seven Illinois residents are employed at the office under the supervision of a "Western Traffic Manager." We think the facts adequately show a course of business here sufficient to subject the corporation to the jurisdiction of our courts. In *International Shoe Co.* v. *Washington,* 326 U.S. 310, 90 L. ed. 95, it was held that as to causes of action arising therefrom, the regular employment of salesmen in the State to solicit orders from prospective customers constitutes a sufficient basis, within the meaning of due process, upon which to subject the corporation to suit there by service upon one of the salesmen, together with whatever additional means are necessary to provide reasonable assurance the notice will be actual. Under the determination in *Perkins* v. *Benguet Consolidated Mining Co.,* 342 U.S. 437, 96 L. ed. 485, jurisdiction may be obtained over the foreign corporation, even though the cause of action does not arise out of its activities within the State, if business is done there and a responsible representative of the corporation is served with process therein.

In *Booz* v. *Texas and Pacific Railway Co.,* 250 Ill. 376, a foreign railroad corporation conducting no transportation operations in this State joined with other railroad companies in maintaining a freight-soliciting agency in Chicago.

Office expenses and salaries of the employees were paid by the railroads jointly, and none of such employees had authority to make freight or passenger contracts, issue bills of lading, or sell any tickets. Their sole duties consisted of soliciting shipments and passenger travel by way of the lines of these corporations, all of which were outside Illinois. The suit was based upon a cause of action arising in Louisiana, and process was served upon one of such employees in Illinois. In deciding that the proceedings were void for want of jurisdiction, this court held that the concept of "doing business," as understood for purposes of the rule authorizing *in personam* jurisdiction by service in Illinois, means the transaction of the ordinary business in which the corporation is engaged, by the exercise of some of its charter powers; and that the mere solicitation of business by persons having no further authority is not enough. By implication we recognized, however, that the result might be otherwise if the Illinois employees "had authority to sell a ticket, issue a bill of lading or make a contract for the defendant." (250 Ill. at 381.) In the case at bar such elements are present, and we think the activity here is adequate to support the exercise of personal jurisdiction. This case is distinguishable from the situation in *Bull & Co. v. Boston and Maine Railroad*, 344 Ill. 11, relied upon by the defendant and garnishee. In that case, liability upon a cause of action arising elsewhere was sought to be enforced against a foreign railroad corporation whose sole activity in this State was the solicitation of traffic and transportation destined for movement to and over its lines situated in other States. No other type of business was conducted here. As we have indicated, the garnishee in the case at bar makes contracts for transportation and carries on sufficient business as a whole to render it amenable to process here.

It is further contended that defendant's wages are not exempt from attachment under the act "in relation to wages

and salaries earned out of this State." That statute provides as follows: "The wages or salary for services of an employee, earned out of this state and payable out of this state shall be exempt from attachment or garnishment in all cases where the cause of action arose out of this state, unless the principal defendant in the attachment or garnishment suit is personally served with process; and if the writ of attachment or garnishment is not personally served on the principal defendant, the court, justice of the peace or police magistrate issuing the writ of attachment or garnishment, shall not entertain jurisdiction of the cause, but shall dismiss the suit at the cost of the plaintiff." (Ill. Rev. Stat. 1957, chap. 62, par. 32.) Plaintiff's suggestion that defendant's wages are not "payable out of this state" because the garnishee was not shown to be under legal obligation to pay them there need receive little attention. It is undenied that they were in fact paid and payable at New Orleans. The statute clearly applies, requiring the result reached below, unless it is unconstitutional as urged by the plaintiff.

It is contended the constitutional provision in section 13 of article IV, stating that "no law shall be revived or amended by reference to its title only, but the law revived, or the section amended, shall be inserted at length in the new act," is violated by the present legislation. The argument is that the statute is not complete in itself but attempts to add new provisions to the attachment act, so that it becomes necessary to read both in order to determine what the law is. We cannot accept the argument. The constitutional requirement does not mean that its conditions must be met whenever a statute effects an amendment of existing law. Any new provision may in some sense be said to amend or change prior legislation on the subject; and it is only where the new act is incomplete in itself, making it necessary to read into it provisions of prior statutes in order to make it intelligible, that the constitutional requirement ap-

plies. (*Illinois Liquor Control Com.* v. *Chicago's Last Liquor Store, Inc.,* 403 Ill. 578; *Chicago Motor Club* v. *Kinney,* 329 Ill. 120.) Where the new law is complete in itself without reference to the prior legislation it does not contravene the constitutional provision merely because it may modify or amend the existing statute by implication. *People ex rel. Cant* v. *Crossley,* 261 Ill. 78; *People ex rel. Klokke* v. *Wright,* 70 Ill. 388.

The purpose of the constitutional provision was to avoid the necessity of having to make reference to a prior law to give meaning to an amendatory act. (*People ex rel. Gramlich* v. *City of Peoria,* 374 Ill. 313.) As this court explained in *Timm* v. *Harrison,* 109 Ill. 593: "The mischief intended to be remedied by the constitution was that of the amendment of statutes by reference to their titles only. Under the practice which had prevailed, to amend a previous act merely by reference to its title, and in the insertion or striking out of certain words, or the making of some substitution therein, the amendatory act, of itself, would be unintelligible, and it would require examination, and comparison with the prior act, to understand what the real purport of the amendatory act was,—hence the constitutional inhibition that 'no law shall be revived or amended by reference to its title only;' and in remedy of the evil the further provision is, 'but the law revived, or the section amended, shall be inserted at length in the new act.' When this is done, the amendatory act will be intelligible of itself, and not require going elsewhere to understand its purport."

The act in question does not purport, either in the title or in the body thereof, to amend the attachment act or the garnishment act by reference to their titles or otherwise. It is entitled "An Act in relation to wages and salaries earned out of this State," and its provisions purport to exempt them from attachment or garnishment where the cause of action arises elsewhere and the principal defendant is not personally served with process. It is entirely intel-

ligible and complete in its terms, setting forth the circumstances under which wages and salaries shall not be attached; and it may readily be applied without resorting to any other statute to ascertain its meaning. All that can be said of it with respect to the present objection is that by implication it amends the attachment and garnishment statutes, in the sense that its provisions could have been incorporated therein as an exception or proviso to the general law. This, however, is not enough to render it vulnerable to the constitutional proscription invoked here.

Plaintiff relies upon *O'Connell* v. *McClenathan,* 248 Ill. 350, and *Badenoch* v. *City of Chicago,* 222 Ill. 71, wherein legislation purporting to extend the remedy of garnishment to situations not theretofore covered was held unconstitutional. The acts invoked in those cases, however, are to be distinguished from the present one in that they were not complete within themselves. It was necessary to resort to previous legislation upon their subject matter in order to understand and enforce them. In the *McClenathan* case the statute authorized the garnishment of administrators and executors with respect to the portion of any distributee of the estate. Under existing law there was no authority for summoning them by garnishment process before an order of distribution had been made; and the purpose of the act was to subject them to such process at any time after letters were issued. In the *Badenoch case* the statute sought to subject to garnishment and attachment processes the salary and wages of officers and employees of counties, cities, villages and school districts. In neither statute were provisions included for setting the proceedings in operation. For the procedure governing those matters recourse was necessary to the general statutes upon the subject of garnishment or attachment. In each case we pointed out that the particular act could not be made effective and operative except by engrafting its provisions upon the garnishment or attachment statutes theretofore in force, and that the new

act amounted to nothing more than an attempt to change the existing law so as to make it broad enough to include the new situations. Unlike those in the cases cited, the subject of the present act is not garnishment or attachment but exemption therefrom. It is unnecessary to follow procedures in order to apply its provisions or make them effective. It is self-operative and contains within itself provisions complete and understandable for the subject with which it is concerned.

Since the facts of this case bring it squarely within the terms and purpose of the statute in question, the trial court was clearly correct in dismissing the proceedings. The judgment will be affirmed.

*Judgment affirmed.*