Gerald **LINDLEY**, Plaintiff-Appellee,

v.

**ST. LOUIS–SAN FRANCISCO RAILWAY COMPANY**, Defendant-Appellant.

No. 16641.

United States Court of Appeals
Seventh Circuit.

Dec. 30, 1968.

Rehearing Denied March 26, 1969.

John A. Hutchings, Chicago, Ill., Thomas E. Deacy, Jr., Kansas City, Mo., Taylor, Miller, Magner, Sprowl & Hutchings, Chicago, Ill., Edward W. Mullen, Deacy & Deacy, Kansas City, Mo., for defendant-appellant.

Fred Lane, Robert Q. Hoyt, Richard J. Aronson, Chicago, Ill., Lane, Falasz & Pollman and Piacenti & Cifelli, Chicago, Ill., for plaintiff-appellee.

Before CASTLE, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

KILEY, Circuit Judge.

We granted defendant Railroad's petition for leave to appeal under 28 U.S.C. § 1292(b) to consider the district court's judgment denying the Railroad's motion to dismiss Lindley's diversity personal injury action for lack of in personam jurisdiction. We reverse the judgment.

Lindley filed suit in the Circuit Court of Cook County, Illinois, for damages from injuries, suffered in Missouri, which he alleged were caused by the Railroad's negligence. The Railroad removed the cause to the district court, and there challenegd[1] the process served upon a clerk in its Chicago office. The court upheld the process, but, recognizing the importance of this question, it provided the requisite certificate under Sec. 1292(b) for this interlocutory appeal.

The district court, applying Illinois law,[2] denied the Railroad's motion to dismiss, on the ground that the in personam process served on the Railroad under Sec. 13.3[3] of the Illinois Civil Practice Act satisfied requirements of Illinois law and due process on the basis of Railroad activities in Illinois. The court rejected the Railroad's contention that Sec. 17, of the Illinois "long arm" statute, applied. We agree with the court that Sec. 17[4] has no application, but disagree that the Railroad's activities in Illinois were sufficient to satisfy the "doing business," or "presence" test so as to render valid in personam process under Sec. 13.3, as construed by Illinois decisions.

[1] Lindley's injuries did not arise from whatever business the Railroad conducted in Illinois, and the tort was committed not in Illinois but in Missouri. Moreover, the defendant was not served out of state, as contemplated by Sec. 17, but was served at its office in Chicago. It may be, as the Railroad claims, that Sec. 17 codifies the doctrine of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), justifying in personam jurisdiction of state courts over non-resident corporations. But we reject the contention that Sec. 17 sets outer limits over *all* Illinois in personam jurisdiction over foreign corporations. It does not control Illinois common-law jurisdiction over persons and corporations who, although domiciled in foreign states, are considered residents of Illinois for purposes of in personam jurisdiction. If a foreign corporation is a resident it may be

---

1. The Railroad also challenged venue without success, but no point is made of this on appeal.

2. Under Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2d Cir. 1963), it is clear that Illinois law applies in this case.

3. ILL.REV.STAT. Ch. 110, § 13.3 Service on private corporations. A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of said corporation found anywhere in the State; or (2) in any other manner now or hereafter permitted by law. * * *

4. ILL.REV.STAT. Ch. 110, § 17. Act submitting to jurisdiction—Process. (1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to

any cause of action arising from the doing of any of such acts:
(a) The transaction of any business within this State;
(b) The commission of a tortious act within this State;
* * * * *
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this State, as provided in this Section, may be made by personally serving the summons upon the defendant outside this State, as provided in this Act, with the same force and effect as though summons had been personally served within this State.
(3) Only causes of action arising from acts enumerated herein may be asserted against a defendant in an action in which jurisdiction over him is based upon this Section.
(4) Nothing herein contained limits or affects the right to serve any process in any other manner now or hereafter provided by law. * * *

served within Illinois, as domestic corporate residents are, under Sec. 13.3.

We think a further discussion of Sec. 13.3 and Sec. 17 is useful. Under Sec. 16 of the Illinois Civil Practice Act, "Personal Service Outside State," in personam service may be had, *inter alia*, on a person who has submitted to the jurisdiction of Illinois courts. That service "shall have the force and effect of" in personam service in Illinois; "otherwise it shall have the force and effect of service by publication." Section 17 implements Sec. 16 by detailing what amounts to an "act submitting to jurisdiction." Under Sec. 17 a non-resident person submits to jurisdiction of Illinois courts if the person, or its agent, (a) transacts any business or (b) commits a tortious act in Illinois, and the cause of action arises from either (a) or (b). The provisions of Sec. 17 expressly do not limit or affect the right to serve process in any other manner provided by law. The Illinois legislature in enacting Sec. 16 and Sec. 17 intended to assert "long arm" jurisdiction "to the extent permitted by the due-process clause." Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, 679 (1957).

The limit to which jurisdiction over foreign corporations may be permitted by the due process clause is set by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154 (1945). The Supreme Court there departed from the requirement in Pennoyer v. Neff, 95 U.S. 714, 733, 24 L.Ed. 565 (1877), that a person be present within the territorial jurisdiction of a court as a prerequisite to a binding judgment. The Court in *International Shoe* stated the expanded rule that to justify in personam service "due process requires only that in order to subject a defendant to a judgment in personam, *if he be not present* within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " 326 U.S. at 316,

66 S.Ct. at 158 (Emphasis added.) McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958) followed *International Shoe*.

*International Shoe, McGee* and *Denckla* did not involve in personam process served upon parties considered as residents of the forum states. Process was served in the foreign states where the defendants actually resided, in the manner provided by the laws of the respective forum states. Under these three decisions, and Sec. 16 and Sec. 17 of the Illinois Civil Practice Act, a solitary business transaction or tort justifies in personam jurisdiction *if the action arises from either*. This satisfies the due process requirement.

In the case before us, however, the Railroad did not submit to the jurisdiction of the Circuit Court of Cook County, Illinois—from which the case was removed to the district court—under Sec. 17, since Lindley's cause of action did not arise from "any business," or commission of a tort, in Illinois. The validity of the service therefore cannot rest on Sec. 17 of the Illinois Civil Practice Act, but must rest on Sec. 13.3 covering service on private corporations.

Section 13.3 provides for service of process on a corporation either by leaving a copy of the process with its "registered agent," or any "officer or agent * * * found anywhere in the State," or in any other lawful manner. Since the Railroad does not have a registered agent in Illinois, the validity of service turns upon whether the service on the clerk in its Chicago office is justified. The question therefore narrows itself to whether the defendant Railroad is present within the state of Illinois to justify the service upon it, on the ground that the Railroad, even though incorporated and domiciled in Missouri, was a resident of Illinois.

In Booz v. Texas & Pacific Rwy. Co., 250 Ill. 376, 95 N.E. 460 (1911), the Supreme Court of Illinois reversed a

judgment sustaining service—under an Illinois statute [5] substantially like Sec. 13.3—upon a foreign corporation in a cause of action which occurred outside Illinois territory. The court found that the statute by its terms was not confined to Illinois corporations, "and if a foreign corporation is present within this state, and has an agent here, process may be served upon it." 95 N.E. at 461. The court said that a corporation is constructively present in any state where it has property and carries on business in the state through an agent, and may be sued in the state with service on the agent, if the corporation entered the state for the purpose of carrying on business and is doing business there. The court's decision was based on the definition of an agent, i. e., "one having" the power to represent "the corporation in transacting its business." The court concluded that the employee in Illinois was not the Railroad's agent since his duty was the "mere solicitation of business" and he had no other authority. Id. In 1931 the Supreme Court of Illinois followed the *Booz* rule in G. W. Bull & Co. v. Boston & M. R. R., 344 Ill. 11, 175 N.E. 837 (1931), and reversed judgment for Bull because the defendant's Illinois employee merely solicited business and the Railroad, a foreign corporation, was therefore not doing business so as to be amenable to Illinois in personam process.

Plaintiff refers to the *Booz* and *Bull* decisions as "old cases" and distinguishes them on the ground that *International Shoe* held that "solicitation of business on a continuous basis" justified in personam process of the forum state on a foreign corporation. In 1952, this court relied on *Booz* and *Bull* in Canvas Fabricators, Inc. v. William E. Hooper & Sons Co., 199 F.2d 485 (7th Cir. 1952), to hold invalid service of process on defendant's soliciting agent in Chicago. The Illinois Supreme Court in Hertz Corp. v. Taylor, 15 Ill.2d 552, 155 N.E.2d 610 (1959), felt the necessity of distinguishing *Booz* and sustained service on a foreign corporation because—in addition to solicitation—the corporation met the *Booz* requirement of "other authority" to "sell a ticket, issue a bill of lading or make a contract" for the defendant. Thus, *Booz* though "old," was held to be viable Illinois law as recently as 1959.

The Supreme Court in *International Shoe*, although stating that "continuous and systematic" activities in the forum state justify service of process there, qualified that statement with the words "but [those activities] also give rise to the liabilities sued on * * *." 326 U.S. at 317, 66 S.Ct. at 159. In other words, if the corporation has sufficient contacts in a foreign state from which the alleged cause of action arises, the "long arm" process may, within due process limits, bring the foreign corporation within the forum state. This is Sec. 17. No Illinois case has been, or can be, so far as research shows, cited which holds that mere business solicitation from which the alleged cause of action *does not arise* is sufficient to render a foreign corporation amenable to Illinois in personam process, even though that solicitation has been continuous and systematic.

The *International Shoe* decision does not require a state to assert jurisdiction to the extent permitted by the due process clause. It does require that the alleged cause of action relate to whatever required minimum contacts a foreign corporation has that satisfy due process. To compensate for the reach of the "long arm" of the forum state, it is necessary that the contract of the forum state be the basis of the cause of action sued on. That necessity is not present for in personam process under Sec. 13.3 where, if the requisite business is transacted in Illinois, the foreign corporation is subject to in personam service in Illinois as any actual Illinois resident. Justice Schaefer's statement in Nelson v. Miller,

---

5. "Service on Corporation—Return," ILL.REV.STAT., Ch. 110, Sec. 8 (1917).

11 Ill.2d 378, 143 N.E.2d 673 (1957), mentioned above, means that Illinois requires only the minimum activities established by due process to justify "long arm" in personam service of process on foreign corporations. It does not follow from that statement that mere solicitation, even continuously, over a long period justifies in personam service of process on a foreign corporation sued as if an actual resident of the foreign state where the obligation asserted *does not arise* from the solicitation.

The extent of the Railroad's activity in Illinois is shown by uncontroverted affidavits offered by the Railroad: the Railroad is not qualified in Illinois as a foreign corporation, nor did it consent to process there. Although it has maintained an office in Illinois since 1937, none of its property is in Illinois except the office furniture and fixtures. No officer is an Illinois resident, and no employee is authorized to accept service. The Railroad office employees merely solicit freight and passenger service for its lines outside of Illinois and have no authority as in Hertz Corp. v. Taylor, 15 Ill.2d 552, 155 N.E.2d 610 (1959), to sell tickets, issue bills of lading, make Railroad contracts or receive or pay out money.

This court in Edwards v. St. Louis-San Francisco Rwy. Co., 361 F.2d 946 (1966), decided that Sec. 17 was applicable even though the defendant railroad was served in Illinois. The defendant in *Edwards* is the same as in the instant case. The court held that the service of process was void because the cause of action did not arise from the activities in Illinois, as required by Sec. 17. The defendant had argued alternatively that it merely solicited business and was not amenable to service under the *Booz* and *Bull* rationale, or that the cause of action did not arise out of the Illinois activities, as required by Sec. 17. The court in *Edwards* did not consider the mere solicitation argument under the *Booz* and *Bull* cases, but considered only the Sec. 17 argument. We reluctantly decline to follow *Edwards* as the law of this circuit.

We think that under the present state of Illinois law the foregoing activities are insufficient to justify in personam service under Sec. 13.3 on a Missouri corporation as though it were a resident in Illinois.[6] It may be that when a similar question is presented to the Illinois Supreme Court it may answer differently. But we think we should nevertheless leave the answer to Illinois. We found no hint in *Hertz* to encourage us to hold that the rule of *Booz* would not continue to live a longer life.

We conclude with a paraphrase of Judge Cummings' words in a sentence in the concluding paragraph of this court's opinion in Miskunas v. Union Carbide Corp., 399 F.2d 847 (7th Cir. 1968): While we might prefer to justify the in personam service of process in this case, it is for the Illinois legislature or judiciary to decide whether to depart from the mere solicitation rule in *Booz*. We think it would be unfitting for us to presume to change a long standing rule announced by the Illinois Supreme Court in 1911, followed in 1931 and recognized in 1959.

For the reasons given, the judgment is reversed. The cause is remanded with directions to quash the service of process and dismiss Lindley's suit.

6. Since we decide this question on the basis of Illinois law, we do not reach the due process question.