CHANDLER LEASING CO., Plaintiff-Appellant, *v.* TRUS JOIST
CORPORATION, Defendant-Appellee.

First District (1st Division)    No. 79-2390

Opinion filed November 17, 1980.

Howard D. Hollander and Richard J. Hollander, both of Chicago, for appellant.

Robert L. Price, Michael K. Brandwein, and Aaron, Schimberg, Hess, Rusnak, Deutsch & Gilbert, of Chicago, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Chandler Leasing Company, Inc. (hereinafter Chandler), appeals from an order of the circuit court of Cook County granting the motion of Trus Joist Corporation (hereinafter Trus Joist) to dismiss a suit filed by Chandler against Trus Joist. Chandler contends that Trus Joist is subject to the *in personam* jurisdiction of the Illinois courts based on section 13.3 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 13.3), which provides that service can be made on a private corporation by serving an agent or officer of said corporation found anywhere in the State. It also contends that sufficient minimum contacts existed as required by the due process clause to constitutionally justify jurisdiction.

We affirm.

Chandler filed an action against Trus Joist to recover certain equipment valued at $1,855 which was leased to Trus Joist under a May 7, 1974, lease, to recover $4,654.82 in past due monthly rental payments, and to recover $300 in attorney's fees. Examination of the lease at issue here reveals that the lessor was listed as Trus Joist Corporation of 6820 Orange Thorpe Avenue, Buena Park, California, and the lessee as Chandler Leasing Division Pepsico Leasing Corporation of 101 Hartwell Avenue, Lexington, Massachusetts. The supplier of the equipment was a California corporation. Service of process was made upon Trus Joist at 619 Milwaukee Avenue, Glenview, Illinois, by serving a copy of the complaint with Bob Erbach, an agent of the corporation.

Trus Joist filed a special and limited appearance and moved to dismiss the cause on the ground that there were insufficient contacts with the State of Illinois to subject it to the *in personam* jurisdiction of the Illinois courts. In support of its motion to dismiss, Trus Joist filed the affidavit of Dean Davis, the division manager of Trus Joist which stated that: (1) Trus Joist is a foreign corporation incorporated in Nevada with its principal place of business in Idaho; (2) Trus Joist manufactures structural components used in the construction industry; however, it has no

manufacturing facilities in Illinois; (3) Trus Joist's only contact with Illinois is six salesmen who solicit orders to purchase its structural components; and (4) the lease from which the present action arises was negotiated in California and executed in California. In addition to these facts, we note that the record discloses that Trus Joist owns no property in Illinois and is not licensed to do business in Illinois. On November 27, 1979, the trial court dismissed the complaint for want of jurisdiction. It is from this order that the plaintiff Chandler brings its timely filed appeal.

The following statutory authority is relevant to this appeal. Section 13.3 provides in pertinent part as follows:

"A private corporation may be served (1) by leaving a copy of the process with its registered agent or any officer or agent of said corporation found anywhere in the State * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 13.3.)

Section 16 provides in pertinent part as follows:

"(1) Personal service of summons may be made upon any party outside the State. If upon a * * * person who has submitted to the jurisdiction of the courts of this State, it shall have the force and effect of personal service of summons within this State; * * *." (Ill. Rev. Stat. 1977, ch. 110, par. 16.)

Section 17 provides in pertinent part as follows:

"(1) Any person, whether or not a citizen or resident of this State, who in person or through an agent does any of the acts hereinafter enumerated, thereby submits such person, and, if an individual, his personal representative, to the jurisdiction of the courts of this State as to any cause of action arising from the doing of any of such acts:

(a) the transaction of any business within this State * * *." Ill. Rev. Stat. 1977, ch. 110, par. 17.

The question which we must reach in this appeal is whether Trus Joist was amenable to process in Illinois because of its activities here. Chandler not only asserts that Trus Joist's solicitation of orders in Illinois alone justifies jurisdiction based on the "doing business" requirement of section 13.3 but also asserts that the defendant's activities go beyond mere solicitation as established by the affidavit of Dean Davis which states that the defendant's sales force solicits orders *to purchase* the structural components manufactured by Trus Joist. The defendant argues that the trial court properly dismissed the complaint for want of *in personam* jurisdiction either on the basis of section 17(1)(a) of the Illinois long-arm statute (Ill. Rev. Stat. 1977, ch. 110, par. 17(1)(a)) or section 13.3 (Ill. Rev. Stat. 1977, ch. 110, par. 13.3). It is alleged that section 17's requirement that the cause of action must arise from the business transacted in Illinois was not met in the instant case in that it is uncontroverted that the plain-

tiff's cause of action did not arise out of any solicitation in Illinois nor was the lease either negotiated, executed, or to be performed in Illinois. The defendant further maintains that it was not doing business in Illinois by employing six sales persons to solicit orders for it and, therefore, maintains that section 13.3 is inapplicable.

■■ *In personam* jurisdiction over a foreign corporation may be obtained either by sections 16 and 17 or section 13.3 service. (*Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252, *cert. denied* (1979), 442 U.S. 928, 61 L. Ed. 2d 296, 99 S. Ct. 2857; *Lindley v. St. Louis-San Francisco Ry. Co.* (7th Cir. 1968), 407 F.2d 639; *Magnaflux Corp. v. Foerster* (N.D. Ill. 1963), 223 F. Supp. 552.) The distinction between these sections is succinctly explained in *Braband v. Beech Aircraft Corp.* (1977), 51 Ill. App. 3d 296, 298, 367 N.E.2d 118:

> "The distinction between the 'present and doing business theory' and the 'transaction of business' theory is that under the former a corporation that engages in a continuous and systematic course of business in the State becomes subject to the State's jurisdiction even though the subject lawsuit may have no relationship to the business that the corporation does within the State. Under the latter theory, if the corporation transacts any business within the State and a cause of action arises from that transaction then the State has jurisdiction."

From the record on appeal, it is clear that section 17 is inapplicable here. The defendant was not only served in Illinois through an agent (*St. Louis-San Francisco Ry. Co. v. Gitchoff* (1977), 68 Ill. 2d 38, 369 N.E.2d 52; *Hertz Corp. v. Taylor* (1959), 15 Ill. 2d 552, 155 N.E.2d 610; *Lindley v. St. Louis-San Francisco Ry Co.*; *Magnaflux Corp. v. Foerster*), but it was also uncontroverted that the cause of action did not arise from any transaction of business in Illinois.

■■ The question therefore narrows itself to whether the defendant was doing business in Illinois to justify the service upon it on the ground that, though a foreign corporation, it was present in the State. Section 13.3 as construed in *St. Louis-San Francisco Ry. Co. v. Gitchoff* requires "that a corporation be 'doing business' in the State to justify the conclusion that the corporation was sufficiently 'present' so that it could be served in the same manner as other resident corporations." (68 Ill. 2d 38, 43.) A corporation is said to be "doing business" in a State when there is the transaction of ordinary business in which the corporation is engaged in the exercise of some of its charter powers. (*Hertz Corp. v. Taylor.*) However, as the court cautioned in *Magnaflux Corp.*:

> " 'doing business' does not consist solely of the final act of business, *i.e.*, consummating a deal by a sale. Customers must be solicited, sold, pacified when dissatisfied with the product purchased, and

constantly advised in the use of the product in order to retain their patronage, in addition to the myriad other activities connected with the manufacture and distribution of a product." 223 F. Supp. 552, 562.

A review of the Illinois decisions which have considered whether certain activities of a foreign corporation constituted "doing business" indicates that a foreign corporation is not subject to process in Illinois if it was not engaged in business in that State in any way other than the solicitation of orders to be accepted or rejected elsewhere. (*G. W. Bull & Co. v. Boston & Maine R.R.* (1931), 344 Ill. 11, 175 N.E. 837; *Booz v. Texas & Pacific Ry. Co.* (1911), 250 Ill. 376, 95 N.E. 460; *Lindley v. St. Louis-San Francisco Ry Co.* (7th Cir. 1968), 407 F.2d 639; *Roberts v. Evans Case Co.* (7th Cir. 1955), 218 F.2d 893; *Canvas Fabricators, Inc. v. William E. Hooper & Sons Co.* (7th Cir. 1952), 199 F.2d 485.) The "mere solicitation" rule does not apply, however, where the corporate activities consist of solicitation plus some additional activity. *Riverbank Laboratories v. Hardwood Products Corp.* (1956), 350 U.S. 1003, 100 L. Ed. 866, 76 S. Ct. 648 (investigated consumer complaints); *Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252, *cert. denied* (1979), 442 U.S. 928, 61 L. Ed. 2d 296, 99 S. Ct. 2857 (inspect complete operation of distributor-agent in Illinois); *St. Louis-San Francisco Ry. Co. v. Gitchoff* (agent coordinated and expedited movement of the railroad's cars into and out of the State); *Hertz Corp. v. Taylor* (soliciting agent also sells tickets); *Pergl v. U.S. Axle Co.* (1943), 320 Ill. App. 115, 50 N.E.2d 115 (stock of merchandise stored in forum).

The requirements of section 13.3 appear consistent with the due process requirement for asserting *in personam* jurisdiction over a foreign corporation where the cause of action does not arise from any activity of the defendant within the State. (*Magnaflux Corp. v. Foerster* (N.D. Ill. 1963), 223 F. Supp. 552.) *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154, held that a foreign corporation-defendant which was not present within a forum must have certain minimal contacts with the forum such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice." (326 U.S. 310, 316, 90 L. Ed. 95, 102, 66 S. Ct. 154, 158.) The court also noted in dicta that:

> "* * * there have been instances in which the continuous corporate operations within a State were thought so substantial and of such a nature as to justify suit against it on causes of action arising from dealings entirely distinct from those activities (citation)." (326 U.S. 310, 318, 90 L. Ed. 95, 103, 66 S. Ct. 154, 159.)

This dicta was adopted six years later in *Perkins v. Benguet Consolidated Mining Co.* (1952), 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413.

The defendant in *Perkins*, a corporation created under the laws of the Philippine Islands, carried on a continuous and systematic, but limited, part of its general business in the forum. The cause of action did not arise in the forum State and did not relate to the corporation's activities there: director's meetings, business correspondence, banking, stock transfers, purchasing of machinery, and payment of salaries. The court stated that it was necessary to consider whether the business done in the forum by the defendant was sufficiently substantial to permit the court to entertain the suit where the cause of action arose from activities entirely distinct from its activities in the forum. Upon the record of that case, the court concluded that it would not violate Federal due process for the court to take jurisdiction.

■■ The essence of the due process requirement under either a minimum contacts or substantial business test is that the activities within the State are such that it is reasonable to require a foreign corporation to defend a particular suit because they have sought the benefits and protection of the law of the forum and that requiring it to defend does not offend the traditional notions of fair play and substantial justice. (*International Shoe Co. v. Washington* (1945), 326 U.S. 310, 90 L. Ed. 95, 66 S. Ct. 154; *Perkins v. Benguet Consolidated Mining Co.*; *Connelly v. Uniroyal, Inc.* (1979), 75 Ill. 2d 393, 389 N.E.2d 155; *Braband v. Beech Aircraft Corp.* (1978), 72 Ill. 2d 548, 382 N.E.2d 252, *cert. denied* (1979), 442 U.S. 928, 61 L. Ed. 296, 99 S. Ct. 2857.) Neither test can be mechanically applied. (*International Shoe Co. v. Washington*.) Rather, each case must be determined on a case by case analysis of the amount and kind of activities which exist within the forum. (*Perkins v. Benguet Consolidated Mining Co.*; *Braband v. Beech Aircraft Corp.*) However, it is well recognized that where the continuous corporate operations are sufficiently substantial, then jurisdiction is justified even though the cause of action against the foreign corporation arises from acts totally unrelated to the business conducted in the forum State. *Perkins v. Benguet Consolidated Mining Co.*; *Connelly v. Uniroyal, Inc.*; *Braband v. Beech Aircraft Corp.*; *St. Louis-San Francisco Ry. Co. v. Gitchoff* (1977), 68 Ill. 2d 38, 369 N.E.2d 52; *Hertz Corp. v. Taylor* (1959), 15 Ill. 2d 552, 155 N.E.2d 610; *Lindley v. St. Louis-San Francisco Ry Co.* (7th Cir. 1968), 407 F.2d 639; *Magnaflux Corp. v. Foerster* (N.D. Ill. 1963), 223 F. Supp. 552.

■■ With the foregoing authority in mind, we turn to a consideration of whether the defendant's activities meet the "doing business" test of section 13.3 and the substantial business test of *Perkins* and *International Shoe*. Our review of the record suggests that the present case falls squarely within the "mere solicitation" rule. The plaintiff's attempt to distinguish "solicitation" and "solicitation to purchase" is unconvincing. The plaintiff also argues in an attempt to augment the defendant's activ-

ities within the State that the defendant has a telephone listing in its name in Illinois and that it receives mail at its office. These activities are not apparent from the record; accordingly, we will not consider their effect. We also reject the plaintiff's inference that a defendant who solicits orders also partakes in other services in the State related to soliciting orders like consumer advice and customer service. Such an inference is not supported by the record. We note that the plaintiff filed no counter-affidavit to raise an issue of fact concerning Davis' statement in his affidavit that the only contact that the defendant had in Illinois was six salespeople who only solicited orders.

We also find misplaced the plaintiff's heavy reliance upon *Scovill Manufacturing Co. v. Dateline Electric Co.* (7th Cir. 1972), 461 F.2d 897, and *St. Louis-San Francisco Ry. Co. v. Gitchoff* (1977), 68 Ill. 2d 38, 369 N.E.2d 52, for the proposition that the mere solicitation of orders is sufficient to warrant jurisdiction. In *Scovill*, while the plaintiff argued that jurisdiction could be based on either section 17(1)(a) or section 13.3, the court found jurisdiction could be sustained on the former ground without discussing the latter. In *Gitchoff*, while a sales office existed in Illinois, the agent who was served under 13.3 was not a member of the sales force, but rather, conducted an essential element of the defendant's business through another office in the State. Nor do we agree with the plaintiff that the facts of the instant case are factually analogous to those in *Magnaflux Corp. v. Foerster* (N.D. Ill. 1963), 223 F. Supp. 552. In *Magnaflux* one defendant which was found to be doing business in Illinois could accept orders which it solicited and the other handled customer complaints, gave engineering advice, and assisted corporate engineers in design decisions. These contacts are much more substantial than the mere solicitation found in the instant case.

■■ ■ The plaintiff attempts to discredit the mere solicitation rule by stating that *Booz v. Texas & Pacific Ry. Co.* (1911), 250 Ill. 376, 95 N.E. 460, is not applicable after *International Shoe*. We do not agree. The Illinois Supreme Court in *St. Louis-San Francisco Ry. Co. v. Gitchoff* and *Hertz v. Taylor* (1959), 15 Ill. 2d 552, 155 N.E.2d 610, refused to overrule *Booz'* mere solicitation rule although in each of those cases the courts determined that the defendant's contacts with Illinois amounted to more than mere solicitation. Nor did the Seventh Circuit in *Lindley v. St. Louis-San Francisco Ry. Co.* (7th Cir. 1968), 407 F.2d 639, find it necessary to distinguish *Booz* in a case factually analogous to the instant case. The defendant in *Lindley*, like the defendant here, was a foreign corporation not qualified to do business in Illinois, owned no property in Illinois, had an office in Illinois from which sales personnel merely solicited orders, and the cause of action did not arise from the solicitation. The court found that jurisdiction was not warranted because the defendant foreign

corporation's activities were within the mere solicitation rule. The court noted:

> "No Illinois case has been, or can be, so far as research shows, cited which holds that mere business solicitation from which the alleged cause of action *does not arise* is sufficient to render a foreign corporation amenable to Illinois in personam process, even though that solicitation has been continuous and systematic." (407 F.2d 639, 642.)

The plaintiff has not presented any case citation which would require a result contrary to *Lindley*. Accordingly, we find that the trial court was correct in dismissing the plaintiff's suit for lack of *in personam* jurisdiction. It is important to note that even if jurisdiction could be sustained here under the due process clause, Illinois would be under no compulsion to grant jurisdiction to the present action absent compliance with the doing business requirement of 13.3 as it is a matter of legislative discretion whether a State provides service of process for foreign corporations. *Perkins v. Benguet Consolidated Mining Co.* (1952), 342 U.S. 437, 96 L. Ed. 485, 72 S. Ct. 413; *St. Louis-San Francisco Ry. Co. v. Gitchoff* (1977), 68 Ill. 2d 38, 369 N.E.2d 52.

For the aforesaid reasons the order of the circuit court of Cook County dismissing the plaintiff's complaint for want of *in personam* jurisdiction is affirmed.

Affirmed.

GOLDBERG, P. J., and McGLOON, J., concur.